Webb v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-279-CR

NO. 2-02-280-CR

JOSEPH WEBB APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371
ST
 DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

Joseph Webb appeals his convictions for possession of child pornography.  In one point, appellant contends that the trial court erred in overruling his first amended motion for new trial because the Texas child pornography statute is vague and overbroad and in violation of the First Amendment to the United States Constitution.  
See 
Tex. Penal Code Ann.
 §§ 43.25, 43.26 (Vernon 2003).  We will affirm.

Based on information that appellant had child pornography at his residence, Fort Worth police were able to obtain a search warrant for the premises.  During the search, they found and seized a photograph depicting a young girl engaged in an act of oral sex and a computer hard drive containing approximately 7,480 photographs, one movie, and approximately 1,408 stories relating to child pornography.  Appellant was indicted for possession of both the computer images and the photograph.  He pled guilty to both indictments.  On May 13, 2002, after hearing evidence regarding punishment, the trial court sentenced him to ten years’ incarceration. 

On June 4, 2002, appellant filed a motion for new trial alleging that the evidence was insufficient to support a guilty plea.  On June 12, he filed a notice of appeal.  Then, on July 5, 2002, appellant’s attorney filed an amended motion for new trial contending that sections 43.25 and 43.26 of the Texas Penal Code are vague and overbroad in violation of the First Amendment.  After hearing argument on appellant’s motion, the trial court denied the motion and appointed appellant counsel for his appeal. 

In his sole point, appellant contends that the trial court erred in overruling his first amended motion for new trial.  Appellant, however, did not file his amended motion for new trial within thirty days of the date sentence was imposed.
(footnote: 1)  
See
 Tex. R. App. P.
 21.4(b) (stating that defendant must file amended motion for new trial within thirty days after the date sentence imposed).  Therefore, his amended motion was untimely and cannot form the basis for points on appeal.
 See id.
; 
Mercier v. State
, 96 S.W.3d 560, 562 (Tex. App.—Fort Worth 2002, pet. stricken); 
Rangel v. State
, 972 S.W.2d 827, 838 (Tex. App.—Corpus Christi 1998, pet. ref’d). 

Although appellant’s amended motion for new trial was untimely, this does not prevent us from deciding the merits of his appeal.  A defendant may raise a constitutional challenge to the facial validity of a statute for the first time on appeal.  
Garcia v. State
, 887 S.W.2d 846, 861 (Tex. Crim. App. 1994), 
cert. denied
, 514 U.S. 1005 (1995).  Accordingly, we will address appellant’s argument that the Texas child pornography statute is vague and overbroad and in violation of the First Amendment to the United States Constitution.  
See
 
id
.  

When reviewing the constitutionality of a statute, we presume the statute is valid and that the legislature has not acted unreasonably or arbitrarily in enacting it.  
Ex parte Granviel
, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978); 
Sisk v. State
, 74 S.W.3d 893, 901 (Tex. App.—Fort Worth 2002, no pet.).  It is the challenger’s burden to show that the statute is unconstitutional.  
Ex parte Anderson
, 902 S.W.2d 695, 698 (Tex. App.—Austin 1995, pet. ref’d).  The statute must be upheld if a reasonable construction can be ascertained that will render the statute constitutional and carry out the legislative intent.  
Ely v. State
, 582 S.W.2d 416, 419 (Tex. Crim. App. [Panel Op.] 1979);
 Sisk
, 74 S.W.3d at 901. 

In construing whether a law is vague and overbroad, we keep in mind the elementary principle of statutory construction:  we interpret a statute in accordance with the plain meaning of its language unless the language is ambiguous or the plain meaning leads to absurd results.  
Sanchez v. State
, 995
 
S.W.2d 677, 683
 
(Tex. Crim. App.), 
cert. denied
, 528 U.S. 1021 (1999); 
Boykin v. State
, 818 S.W.2d 782, 785-86 & n.4 (Tex. Crim. App. 1991).  In determining plain meaning, “[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage.”  
Tex. Gov’t Code Ann.
 § 311.011(a) (Vernon 1998); 
Dowthitt v. State
, 931 S.W.2d 244, 258 (Tex. Crim. App. 1996).  If we find resorting to extratextual sources necessary under 
Boykin
, these sources include but are not necessarily limited to:  (1) circumstances under which the statute was enacted, (2) legislative history, (3) common law or former statutory provisions, (4) consequences of a particular construction, and (5) the title (caption), preamble, and emergency provision. 
 Tex. Gov’t Code Ann. 
§ 311.023
; 
Tex. Penal Code Ann.
 § 1.05(b). 

Appellant contends that the Texas child pornography statute is overbroad, vague, and in violation of the First Amendment because it draws no distinction between possession of actual child pornography and pornography created by digital or computer imaging.  In support of his argument, appellant relies on 
Ashcroft v. Free Speech Coalition
, 535 U.S. 235, 122 S. Ct. 1389 (2002).  In 
Ashcroft
, the United States Supreme Court considered a challenge to the Child Pornography Prevention Act of 1996 (CPPA).  The CPPA extended the federal prohibition of child pornography to sexually explicit images that “appear to” depict minors engaging in sexual conduct, but are produced without using any real children.
(footnote: 2)  
Id
. at 235, 122 S. Ct. at 1396.  Because the statute prohibited both protected and unprotected speech, the Court held that the statute was unconstitutional to the extent that it regulated virtual images or images that merely appeared to depict children engaged in sexual conduct. 
 Id
. at 241, 122 S. Ct. at 1406.  In so holding, however, the Court also observed that “[t]he freedom of speech has its limits; it does not embrace certain categories of speech, including defamation, incitement, obscenity, and pornography produced with real children.”  
Id. 
at 246, 122 S. Ct. at 1399;
 Simon & Schuster, Inc. v. N.Y. State Crime Victims Bd.
, 502 U.S. 105, 127, 112 S. Ct. 501, 514 (1991) (Kennedy, J., concurring).  

In this case, appellant was charged and convicted under the Texas statute prohibiting possession of child pornography.
  See
 Tex. Penal Code Ann.
 §§ 43.25, 43.26(a).  In Texas, it is an offense to knowingly or intentionally possess “visual material that visually depicts a child younger than 18 years of age at the time the image of the child was made who is engaging in sexual conduct” if the person “knows that the material depicts the child” engaging in sexual conduct.  
Id
. § 43.26(a).  Unlike the CPPA, however, the plain language of the statute indicates that it prohibits only possession of material that depicts an actual child, not material that merely “appears” to depict a child.  
Id
.; 
see also State v. Anderson
, 784 N.E.2d 196, 200 (Ohio Ct. App. 2003) (holding that the language of the Ohio statute prohibits only images depicting actual children and, thus, does not violate the First Amendment).  The legislative history of the statute also supports this conclusion.  
See
 Senate Comm. on Criminal Justice, Bill Analysis
, Tex. S.B. 674, 75
th
 Leg., R.S. (1997).  

In 1997, the legislature amended the child pornography statute to eliminate a loophole in the existing statute that impeded prosecution of individuals for possession or promotion of child pornography depicted or distributed by computer.  
Id
.; 
House
 
Comm. on Criminal Jurisprudence, Bill Analysis
, Tex. S.B. 674, 75
th
 Leg., R.S. (1997).  There is nothing in these materials to suggest that the legislature intended to prohibit anything other than pornography depicting actual children.  Therefore, we conclude that the Texas child pornography statute prohibits only the possession of visual materials depicting real children.

Because the Texas statute only prohibits pornography depicting actual children, the statute is not vague or overbroad.  
United States v. Kelly
, 314 F.3d 908, 912-13 (7
th
 Cir. 2003) (interpreting the holding in 
Ashcroft
 to only apply to virtual pornography); 
United States v. Hersh
, 297 F.3d 1233, 1254 n.31 (11
th
 Cir. 2002) (same); 
see also Fink v. State
, 817 A.2d 781, 790 (Del. 2003) (same); 
Perry v. Commonwealth
, 780 N.E.2d 53, 56 n.4 (Mass. 2002) (stating that 
Ashcroft
 was not at issue because materials depicted actual children).  Further, because pornography produced with real children is not a category of speech protected by the First Amendment, the statute’s prohibition of these materials does not violate the First Amendment.  
Ashcroft
, 535 U.S. at 246, 122 S. Ct. at 1399; 
see also New York v. Ferber
, 458 U.S. 747, 764, 102 S. Ct. 3348, 3358 (1982) (holding that pornography depicting actual children can be prescribed whether or not the images are obscene because of the State’s interest in protecting the children exploited by the production process); 
Savery v. State
, 819 S.W.2d 837, 838 (Tex. Crim. App. 1991) (holding that private possession of child pornography is not protected by the First Amendment). 

Appellant also contends that the statute is unconstitutional because it places the burden on the defendant to show that the parties actually depicted are not children.  We disagree.  The plain language of section 43.26 clearly requires the State to prove that (1) the appellant possessed visual material depicting a child under the age of eighteen engaging in sexual conduct and (2) appellant knew that the material depicted a child engaging in sexual conduct.  
Tex. Penal Code Ann.
 § 43.26.  Although the defendant may choose to counter the State’s evidence with evidence that the child depicted was eighteen years of age or older, the statute does not place the burden on the defendant to prove the age of the child.  That burden rests with the State. 
 Id
.  Therefore, we overrule appellant’s sole point on appeal.  

Having overruled appellant’s sole point, we affirm the trial court’s judgments.  

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; DAY and HOLMAN, JJ.

PUBLISH

DELIVERED: May 29, 2003

FOOTNOTES
1:
Appellant was sentenced on May 13, 2002.  He did not file his amended motion for new trial until July 5, 2002. 

2:
The CPPA prohibited images made using actual minors as well as “any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture” that appeared to be of a minor or “conveys the impression that the material is or contains a visual depiction of a minor engaging in sexually explicit conduct.”  18 U.S.C.A. § 2256(8)(A), (B), (D) (West 2000).