COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO.
2-02-434-CR
 
JAMES ALLEN BLACKBURN
                                                                  
APPELLANT
V.
THE STATE OF TEXAS
                                                                              
STATE
------------
FROM THE 396
TH
DISTRICT COURT OF TARRANT COUNTY
------------
MEMORANDUM
OPINION(1)
------------
I.
Introduction
Appellant, James Allen Blackburn, appeals his
conviction for possession of child pornography, raising four issues. Blackburn
claims: 1) that Texas Penal Code section 43.26 is unconstitutionally vague and
overbroad; 2) that he was denied effective assistance of counsel at the time he
entered his plea of guilty, rendering his plea involuntary; 3) that he was
denied due process of law, rendering his plea involuntary; and 4) that the trial
court abused its discretion by refusing to conduct a hearing on his motion for
new trial. We will affirm.
II.
Background Facts
Blackburn was charged with possession of child
pornography in violation of section 43.26 of the Texas Penal Code. He entered an
open plea of guilty to the charged offense and pleaded true to the felony
repetition enhancement allegations included in the indictment. The trial court
accepted Blackburn's plea and sentenced him to twenty years' confinement.
Blackburn filed a motion for new trial, alleging that the statute under which he
had been prosecuted was unconstitutional and that he had been denied effective
assistance of counsel. The motion was overruled by operation of law.
III.
Penal Code Section 43.26
In Blackburn's first point, he claims that
section 43.26 of the Texas Penal Code is unconstitutionally vague and overbroad.
He relies upon Ashcroft v. Free Speech
Coalition, 535 U.S. 234, 122 S. Ct. 1389 (2002). In Ashcroft,
the Supreme Court held that the Child Pornography Prevention Act of 1996 was
vague and overbroad because it extended the federal prohibition of child
pornography to sexually explicit images that "appear to" depict minors
engaging in sexual conduct, but were actually produced without using any real
children. Id. at 235, 122 S. Ct.
at 1396. Blackburn argues that the Texas child pornography statute is
unconstitutional for the same reasons.
This court has previously rejected these exact
constitutional challenges to penal code section 43.26. See
Webb v. State, 109 S.W.3d 580, 583 (Tex. App.--Fort Worth 2003, no pet.).
In Webb, we held that the Texas
statute was not unconstitutionally vague or overbroad because it prohibits only
pornography depicting actual children. Id.
For the reasons explained in Webb, we
likewise reject Blackburn's constitutional challenges and overrule his first
issue.
IV.
Denial of Motion for New Trial Hearing
In Blackburn's fourth point, he claims that the
trial court erred by refusing to conduct a hearing on his motion for new trial.
Blackburn argues that his verified motion for new trial, which did not have an
attached affidavit, raised fact issues that required a hearing. We disagree.
The purpose of a hearing on a motion for new
trial is to allow a defendant an opportunity to develop matters raised in his or
her motion that are not determinable from the record and upon which the
defendant could be entitled to relief. Wallace
v. State, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003); Martinez
v. State, 74 S.W.3d 19, 21 (Tex. Crim. App. 2002). As a prerequisite to a
hearing, the motion for new trial must be supported by an affidavit or sworn
facts specifically showing the truth of the grounds alleged as a basis for a new
trial. Daniels v. State, 63 S.W.3d
67, 70 (Tex. App.--Houston [14th
Dist.] 2001, pet. ref'd). The motion for new trial and accompanying affidavit
need not, however, establish a prima facie case showing a right to relief to
entitle the defendant to a hearing. Wallace,
106 S.W.3d at 108. Instead, the sworn facts must merely reflect that reasonable
grounds exist for the requested relief. Id.
Affidavits that are conclusory in nature or are unsupported by facts, however,
are not sufficient to put the trial court on notice that reasonable grounds for
relief exist. Jordan v. State, 883
S.W.2d 664, 665 (Tex. Crim. App. 1994) (holding motion for new trial affidavit
insufficient to trigger hearing on defendant's ineffective assistance of counsel
allegation); Buerger v. State, 60
S.W.3d 358, 363 (Tex. App.--Houston [14th
Dist.] 2001, pet. ref'd) (same); Alcott
v. State, 26 S.W.3d 1, 4 (Tex. App.--Waco 1999) (same), aff'd,
51 S.W.3d 596 (Tex. Crim. App. 2001). We review the trial court's denial of
Blackburn's request for a hearing on his motion for new trial under an abuse of
discretion standard. See Wallace,
106 S.W.3d at 108; Martinez, 74
S.W.3d at 22.
Blackburn failed to attach an affidavit to his
motion for new trial and instead relies upon the verified motion itself to raise
a factual issue. Blackburn's motion, however, sets forth no facts in support of
his contentions that his trial counsel was ineffective or that his plea was
involuntary. Blackburn's motion for new trial allegations concerning the
ineffectiveness of his trial counsel and the involuntariness of his plea, in
their entirety, are: "The Defendant was denied the effective assistance of
counsel in that his counsel affirmatively mislead him as to material facts and
the applicable law so as to get him to enter a plea of Guilty which he would not
have otherwise entered."
Blackburn's motion for new trial allegations
concerning the ineffectiveness of his trial counsel and the involuntariness of
his plea are conclusory. See Jordan,
883 S.W.2d at 665 (holding motion for new trial affidavit conclusory because it
failed to state reasons "why counsel's investigation was deficient, or what
further investigation would have revealed"); Buerger,
60 S.W.3d at 362-63 (holding motion for new trial affidavit conclusory
because it swore only, "My attorney did not advise me that a continuance,
an objection to the trial judge or a Motion to recuse the Judge could be
filed" and "[d]uring these proceedings, I did not receive medication
that I regularly took and this prevented me from being fully alert and oriented
during these proceedings"); Alcott,
26 S.W.3d at 4-5 (holding attorney's verification attached to Alcott's motion
lacked sufficient detail to put the trial court on notice that reasonable
grounds for relief exist). Blackburn's motion fails to set forth facts
explaining how he was misled, what material facts were misrepresented to him, or
how the applicable law was erroneously explained to him. See
Jordan, 883 S.W.2d at 665.
Accordingly, it was not sufficient to put the trial court on notice that
reasonable grounds for relief existed. Id.
Thus, the trial court did not abuse its discretion when it denied Blackburn's
request for a hearing on his motion for new trial. We overrule Blackburn's
fourth point.
V.
Ineffective Assistance of Counsel
In Blackburn's second point, he claims that he
was denied effective assistance of counsel at the time he entered his plea of
guilty, rendering his plea involuntary. We apply a two-pronged test to
ineffective assistance of counsel claims. Strickland
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). First, appellant must
show that his counsel's performance was deficient; second, appellant must show
the deficient performance prejudiced the defense. Strickland,
466 U.S. at 687, 104 S. Ct. at 2064.
In evaluating the effectiveness of counsel
under the first prong, we look to the totality of the representation and the
particular circumstances of each case. Thompson,
9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under
all the circumstances and prevailing professional norms at the time of the
alleged error. Strickland, 466
U.S. at 688-89, 104 S. Ct. at 2065. "[C]ounsel is strongly presumed to have
rendered adequate assistance and made all significant decisions in the exercise
of reasonable professional judgment." Id.
at 690, 104 S. Ct. at 2066. An allegation of ineffective assistance must be
firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness. Thompson,
9 S.W.3d at 814. Our scrutiny of counsel's performance must be highly
deferential, and every effort must be made to eliminate the distorting effects
of hindsight. Strickland, 466 U.S.
at 689, 104 S. Ct. at 2065.
Blackburn bears the burden of identifying the
allegedly erroneous acts and omissions of counsel. See
Strickland, 466 U.S. at 690, 104
S. Ct. at 2066. As previously mentioned, however, Blackburn alleged in his
motion for new trial only that he was misled by his counsel into entering a plea
of guilty and that he would not have entered the plea but for his counsel's
actions. Blackburn likewise fails on appeal to expound upon this alleged
misleading conduct or conversation, fails to provide any explanation of how he
was misled, and fails to cite to any portion of the record demonstrating any
aspect of this complaint. Because Blackburn has failed to identify any specific
acts or omissions by his trial counsel, we cannot determine whether, in light of
all the circumstances, these identified acts or omissions were outside the wide
range of competent assistance. See
id. Blackburn has failed to
satisfy the first Strickland prong
of demonstrating counsel's assistance was not reasonable under all the
circumstances and prevailing professional norms at the time of the alleged
error. See Thompson,
9 S.W.3d at 814. We overrule Blackburn's second point.
VI.
Due Process
In his third point, Blackburn claims that
because his counsel was ineffective, he was denied due process of law, which
also rendered his plea of guilty involuntary. Blackburn's claim that he was
denied due process as a result of his counsel's ineffectiveness fails because he
has not established that his trial counsel's assistance was, in fact,
ineffective. See Ex parte Okere,
56 S.W.3d 846, 857 (Tex. App.--Fort Worth 2001, pet. ref'd). We overrule
Blackburn's third issue on appeal.
VII.
Conclusion
Having overruled all of Blackburn's issues on
appeal, we affirm the trial court's judgment.

                                                                      
SUE WALKER
                                                                      
JUSTICE
 
PANEL B: DAY, LIVINGSTON, and WALKER, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: August 28, 2003

1. See Tex. R. App.
P. 47.4.