Preston James Miller v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-136-CR

     PRESTON JAMES MILLER,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 87th District Court
Freestone County, Texas
Trial Court # 01-182-CR
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Preston James Miller was charged with aggravated sexual assault. The victim was his
daughter. A jury found Miller guilty and the trial court assessed his punishment at 25 years in
prison. Miller brings two issues on appeal. We affirm.
Sufficiency of the Evidence
      In his first issue, Miller argues that the evidence was both legally and factually insufficient
to support his conviction. Specifically, he contends that the victim’s sexual promiscuity and lack
of veracity established a reasonable doubt that Miller committed the offense. He also contends
that the victim’s questionable testimony and the ongoing custody battle between grandparents and
parents makes the verdict manifestly unjust.
Legal Sufficiency—Law
      A "legal sufficiency of the evidence review does not involve any weighing of favorable and
non-favorable evidence." Margraves v. State, 34 S.W.3d 912, 917 (Tex. Crim. App. 2000)
(citing Cardenas v. State, 30 S.W.3d 384, 389 (Tex. Crim. App. 2000)). Instead, a legal-sufficiency review calls upon the reviewing court to view the relevant evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Id.; see also Jackson v. Virginia, 443
U.S. 307, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979); Mason v. State, 905 S.W.2d 570, 574 (Tex.
Crim. App. 1995).
—Evidence
      K.L. and her siblings had lived with their grandparents for five years. When she was 8 years
old, she and her siblings moved in with their parents, Christine and Preston Miller. Preston


 had
not developed a parent-child relationship with K.L. prior to this time. K.L. testified that about
a month after she moved in with her parents, Preston began to sexually abuse her. K.L. stated that
the assaults occurred when she was left alone with Preston. K.L. testified that she was left alone
with Preston whenever her parents fought. K.L. further stated that her parents fought frequently.
      K.L. stated that, at first, Preston made her touch his penis. He then would touch her, inside
her clothing, on her breasts and vagina. K.L. stated that Preston would pinch her vagina and
would insert his finger into her vagina. K.L. further testified that, after a month of this activity,
Preston started forcing her to have sex with him, that is, he would “stick his penis inside” K.L.’s
vagina. K.L. also stated that Preston would have a neighborhood boy, Eldon Ransom, come over
and would force K.L. to have sex with the boy. K.L. said that Preston threatened to shoot her
with a silver pistol which Preston kept in his closet if she did not have sex with Eldon. K.L.
testified that Preston also tied her down with rope and burned her vagina with cigarettes.
      K.L. said she did not tell what was happening to her because she was afraid of Preston. She
commented, however, that she told her mother, but that her mother did not believe her. K.L.
testified that she decided to tell about what Preston was doing when her grandmother told her she
would not have to go back to live with Preston or her mother.
      Dr. Michelle Berry examined K.L. and noted circular scars from her inner thighs to her labia
and on her labia. Dr. Berry testified that she counted 17 such scars which appeared to be cigarette
burns. She also testified that K.L. had abnormal and extensive scarring to her vaginal opening. 
Based on her experience, Dr. Berry testified that the scarring was a sign of forced penetration.
—Application
      Miller wants this court to weigh the evidence cited above with evidence of K.L.’s promiscuity
and lack of veracity when conducting a legal sufficiency review. This we cannot do.
      Based on the evidence viewed in the light most favorable to the verdict, the evidence is legally
sufficient to support Miller’s conviction.
Factual Sufficiency—Law
      When reviewing a factual sufficiency challenge, we must view all the evidence without the
prism of the “in the light most favorable to the prosecution” construct. See Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996). We ask “whether a neutral review of all the evidence,
both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to
undermine confidence in the jury’s determination, or the proof of guilt, although adequate if taken
alone, is greatly outweighed by contrary proof.” Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000); see also Goodman v. State, 66 S.W.3d 283, 285 (Tex. Crim. App. 2001).
      We must also remain cognizant of the fact finder’s role and unique position—one that the
reviewing court is unable to occupy. Johnson, 23 S.W.3d at 9. The jury determines the
credibility of the witnesses and may “believe all, some, or none of the testimony.” Chambers v.
State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). It is the jury that accepts or rejects
reasonably equal competing theories of a case. Goodman, 66 S.W.3d at 287. A decision is not
manifestly unjust as to the accused merely because the fact finder resolved conflicting views of
evidence in favor of the State. Cain v. State, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997).
—Evidence
      In addition to the testimony previously discussed, the defense elicited testimony to cast doubt
on K.L.’s veracity. K.L., her doctor, and her psychiatrist acknowledged that K.L. was not open
about who had sexually assaulted her. K.L. initially said that a boy down the road, not
remembering his name, had assaulted her. K.L.’s grandmother accused four people of the assault
before K.L. admitted that Preston had been the perpetrator. K.L.’s mother, Christine, testified
that she once caught K.L. and a boy named Coby fondling each other. An aunt testified that K.L.
bragged that she had sex with Coby and had given a boy in her new school a “blow-job.” Her
mother and her aunt testified that they could not always believe what K.L. said. Testimony was
also elicited that K.L. said she received the burn marks on her legs when the leaves she was raking
at her grandparents’ house caught fire and burned her legs and shorts. Further, witnesses testified
that the grandparents never liked Preston and had been trying to again obtain custody of K.L. and
her siblings.
      Eldon Ransom testified and denied ever having sex with K.L.
      Preston testified that he never spent a lot of time alone with any of his children. He denied
that he and his wife had frequent fights and that she would leave K.L. alone with him. He also
denied that he owned a gun. He contended that the only gun in the house belonged to a relative
and that it was black, not silver as K.L. had described. Preston denied that he ever threatened
K.L. or any of his children with a gun.
      Preston did not know of K.L’s alleged promiscuity other than the encounter with Coby. He
never saw any burn marks on K.L. He also testified that K.L. tended to exaggerate things. He
denied that he had a rope of the kind that a person could be tied with. Preston testified that he
thought he had a good relationship with K.L. 
      Preston admitted that he had prior convictions for credit card abuse and theft by check. He
stated that he was not informed when K.L. was born and that he was in jail when his wife gave
custody of the children to her parents. He also stated that he did not have a parent-child
relationship with K.L. or the other children until he and his wife regained custody. He admitted
to hiding the children in Houston when it was time for the grandparents to exercise visitation.
—Application
      In this case, additional evidence we must consider in conducting a factual sufficiency review,
as opposed to a legal sufficiency review, is of two types. First is the evidence which tends to
discredit or attack the credibility of K.L. The other is testimony of Preston in which he denies
commission of the offense. After careful consideration, viewing all the evidence in a neutral light,
the proof of guilt is not so weak as to undermine confidence in the jury’s determination nor is it
greatly outweighed by contrary proof. We find the evidence is factually sufficient to support the
jury’s verdict.
      Miller’s first issue is overruled.
Motion for New Trial
      In his second issue, Miller contends that the trial court erred in denying his motion for new
trial based on newly discovered evidence. Miller filed a motion for new trial alleging that the
verdict was contrary to the law and the evidence 29 days after his sentencing. He filed an
amended motion for new trial alleging newly discovered evidence 42 days after sentencing. His
issue for review is based solely on the amended motion. Miller’s amended motion was untimely
filed. See Tex. R. App. P. 21.4(b). Thus, his amended motion for new trial is a nullity and its
denial cannot form the basis for an issue on appeal. Webb v. State, 109 S.W.3d 580, 581 (Tex.
App.—Fort Worth 2003, no pet.); Rangel v. State, 972 S.W.2d 827, 838 (Tex. App.—Corpus
Christi 1998, pet. ref’d); Kiser v. State, 788 S.W.2d 909, 915-16 (Tex. App.—Dallas 1990, pet.
ref’d). See also Moritz v. Preiss, 2003 Tex. Lexis 77, *13 (June 12, 2003). Miller’s second issue
is overruled.
Conclusion
      Having overruled each of Miller’s issues on appeal, the judgment of the trial court is affirmed.

                                                                   TOM GRAY
                                                                   Chief Justice

Before Chief Justice Gray,
      Justice Vance, and
      Judge Strother (Sitting by Assignment)



Affirmed
Opinion delivered and filed December 31, 2003
Do not publish
[CRPM]