COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS




JUAN CARLOS FRANCO,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-03-00235-CR

Appeal from the

409th District Court
of El Paso County, Texas 

(TC# 20020D01710)



 

 

 




O P I N I O N

           Juan Carlos Franco appeals his conviction for possession of child pornography. 
Appellant was found guilty by a jury and sentenced to five years in the Texas Department of
Criminal Justice probated to five years community supervision and a $1,000 fine. We affirm
the judgment of the trial court.
I. SUMMARY OF THE EVIDENCE 
           Olegario Conde, an Irving Police Department officer, was assigned to the vice section
to enforce, among other areas, laws regarding child pornography. On January 3, 2002,
Conde logged onto AOL in his duty of enforcing child pornography offenses using the screen
name ScrappyD00 and posing as a fifteen-year-old male. Conde entered a chat room under
special interests labeled “yf” that was created by AOL members. The topic of the room was
trading pictures and images of children between nine and thirteen. Conde did not send any
messages but found a list server and requested that his screen name be added to the list. 
Once he was added to the list, Conde received a message from screen name Marylinluver22
with a photo attachment. Conde looked at the image, which appeared to be a female with
young facial features, a lack of development in her breasts, and a lack of a female frame. 
From his experience and after contacting a doctor, Conde determined that the age of the
female was between 13 and 15. Further, Conde determined that the picture constituted child
pornography using the six Dost factors from U.S. v. Dost. Conde found that all six factors
applied. First, the genital area appeared to be the focus of the picture. Second, the picture
was sexually suggestive since the female was nude on the bed. Third, the child was in an
unnatural pose. Fourth, the minor was nude. Fifth, the image depicted sexual coyness. Last,
the image would elicit a sexual response in the viewer. Conde did not know the subject of
the image, who took the picture, or whether the picture was computer generated.
           Conde then contacted AOL to determine the owner of the account with the screen
name Marylinluver22. Conde received information that the account belonged to Appellant. 
After receiving the account information, Conde contacted Officer Jose Guerra with the El
Paso Police Department Crimes Against Children (CAC) Unit and sent him a copy of the
report and the image.
           Officer Guerra began investigating the case in February 2002. Appellant was arrested
on February 6 at his home for outstanding traffic warrants and was transferred down to the
CAC Unit. Guerra notified Appellant about the pending investigation concerning possession
of child pornography and that he was only under arrest on the traffic warrants. Appellant
provided a statement regarding the possession of child pornography; then, Guerra prepared
the complaint affidavit for a charge of child pornography against Appellant and took
Appellant before a judge to get an arrest warrant.
           Appellant’s statement provided as follows:
My name is Juan Carlos Franco. I live at 403 Nopal. I am 19 years of
age. I am currently at the Crimes Against Children offices in the office of
Detective Guerra. Detective Guerra has told me that right now I’m only under
arrest for traffic tickets. I have asked to drink water and Detective Guerra
gave me some water in a glass to drink. I am handcuffed by my right hand to
a chair.
I graduated from Coronado High School in 2000. I’m giving this
statement voluntarily and of my own free will. Everything started when
Chevy, that’s his nickname, penetrated me with his penis. I was six years old
at the time. He’s dead now. I did not tell anybody because no one would
believe me.
My whole neighborhood and family loved him and when I was 12 years
old, Raymond also did the same thing that Chevy did to me. Raymond told me
to come over. He’s about three or four years older than me. And he told me
that he would let me play a video game if I would let him have sex with me. 
I had sex with Raymond twice. I do not want to press charges against
Raymond.
The last time something like that happened was when [sic] a man
named Lloyd, he lives in the neighborhood also. When I was 13, he asked me
to touch him on his penis in exchange for candy. I did touch him and he gave
me candy. That only happened once. I don’t want to press charges against
Lloyd as well.
I have had my computer for over a year now. I don’t remember the first
time that I was sent a naked picture of a young girl, but it was about a year ago. 
I liked what I saw. The girl was about 14 years old, I think. From that time,
people would send me pictures of young girls.
About the same time, I also began trading pictures. I liked the girls to
be from 13 to 17 years old. My screen name is Marylinluver22. The reason
that I chose that screen name is because I’m a Marilyn Monroe fan. I have a
lot of Marilyn Monroe stuff. Some of it’s pretty valuable, worth hundreds of
dollars.
I have not touched any girls. I just like looking at picture of girls on the
Internet. I am not a bad person. I don’t know exactly how many pictures of
young girls that I have traded. I just know that it’s a lot. I have quite a few in
the computer.
Detective Guerra showed me a picture of a young naked girl. I did send
that picture. I don’t remember the date, but I did send it. I also don’t
remember the chat room I was in. I find the chat rooms through AOL. I
browse through the chat rooms and double click on the ones that look like they
are that topic. By that topic, I mean chat rooms that someone would trade
pictures of young girls or anything. The chat rooms stay up for awhile until
everybody leaves.

There was also a handwritten portion at the bottom of Appellant’s typed statement, which
provided as follows:
I am truly sorry for what I have done on the Internet. I would like help
to help me with this. I do not want to go to prison. I love my family and my
girlfriend. It would tear them apart. I am not a bad person. Please take this
into consideration.

           When Appellant’s home was searched pursuant to a warrant, Officer Stefan Happ
seized the following items and took them to the Cybercrime Unit: (1) a computer, (2) a
screen, (3) hardware, (4) the CPU, (5) floppy disks, (6) compact discs, (7) manuals, (8)
cables, and (9) other components of the system. Then, a program called Encase was used to
conduct a forensic exam of Appellant’s computer system. Encase replicates the system and
transfers it to a compact disc. Happ admitted that he did not know who took the pictures, the
individuals in the pictures, or their ages. Further, Happ admitted that a computer can
generate images that look real but that from his experience, the images did not appear to be
computer generated.
II. DISCUSSION
           In his sole point of error on appeal, Appellant challenges the legal sufficiency of the
evidence. Appellant argued that the State failed to prove that the images were actual children
and not computer generated images.
A. Standard of Review
           In reviewing the legal sufficiency of the evidence to support a criminal conviction, we
must review all the evidence, both State and defense, in the light most favorable to the
verdict to determine whether any rational trier of fact could have found the essential elements
of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19, 99
S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); Geesa v. State, 820 S.W.2d 154, 159
(Tex.Crim.App. 1991), overruled on other grounds, Paulson v. State, 28 S.W.3d 570
(Tex.Crim.App. 2000). This familiar standard gives full play to the responsibility of the trier
of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw
reasonable inferences from basic to ultimate facts. Jackson, 443 U.S. at 319, 99 S.Ct. at
2789. The jury is entitled to draw reasonable inferences from the evidence. Benavides v.
State, 763 S.W.2d 587, 588-89 (Tex.App.--Corpus Christi 1988, pet. ref’d). The jury may
use common sense and apply common knowledge, observation, and experience gained in the
ordinary affairs of life when giving effect to the inferences that may reasonably be drawn
from the evidence. Griffith v. State, 976 S.W.2d 686, 690 (Tex.App.--Tyler 1997, pet. ref’d). 
We do not resolve any conflict of fact or assign credibility to the witnesses, as it was the
function of the trier of fact to do so. See Adelman v. State, 828 S.W.2d 418, 421
(Tex.Crim.App. 1992); Matson v. State, 819 S.W.2d 839, 843 (Tex.Crim.App. 1991). 
Instead, our duty is only to determine if both the explicit and implicit findings of the trier of
fact are rational by viewing all of the evidence admitted at trial in a light most favorable to
the verdict. Adelman, 828 S.W.2d at 422. In so doing, any inconsistencies in the evidence
are resolved in favor of the verdict. Matson, 819 S.W.2d at 843. Further, the standard of
review is the same for both direct and circumstantial evidence cases. Geesa, 820 S.W.2d at
158.
B. Applicable Law
           A person commits the offense of possession of child pornography if the person
knowingly or intentionally possesses visual material that visually depicts a child younger than
18 years of age at the time the image of the child was made who is engaging in sexual
conduct and the person knows that the material depicts such a child. Tex. Penal Code Ann.
§ 43.26(a) (Vernon 2003). Visual material means any film, photograph, videotape, negative,
slide, disk, diskette, or other physical medium that allows an image to be displayed on a
computer or other video screen and any image transmitted to a computer or other video
screen by telephone line, cable, satellite transmission, or other method. Tex. Penal Code
Ann. § 43.26(b)(3). Sexual conduct means sexual contact, actual or simulated sexual
intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sado-masochistic
abuse, or lewd exhibition of the genitals, the anus, or any portion of the female breast below
the top of the areola. Tex. Penal Code Ann. § 43.25(a)(2) (Vernon Supp. 2004-05). When
it becomes necessary to determine whether a child who participated in sexual conduct was
younger than 18 years of age under sections 43.25 and 43.26, the court or jury may make this
determination by any of the following methods: (1) personal inspection of the child; (2)
inspection of the photograph or motion picture that shows the child engaging in the sexual
performance; (3) oral testimony by a witness to the sexual performance as to the age of the
child based on the child’s appearance at the time; (4) expert medical testimony based on the
appearance of the child engaging in the sexual performance; or (5) any other method
authorized by law or by the rules of evidence at common law. Tex. Penal Code Ann. §
43.25(g).
C. Appellant’s Reliance on Ashcroft v. Free Speech Coalition
           In Ashcroft v. Free Speech Coalition, 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403
(2002), the Supreme Court considered a challenge to the Child Pornography Prevention Act
of 1996 (CPPA). The CPPA had extended federal prohibition of child pornography to
include sexually explicit images that “appeared to” depict minors engaging in sexual conduct
that were produced without using any real children. Id. at 235, 122 S.Ct. at 1393. The Court
held that since the statute prohibited both protected and unprotected speech that it was
unconstitutional to the extent it regulated virtual images or images that merely appeared to
depict children engaged in sexual conduct. Id. at 241, 122 S.Ct. at 1397.
           Appellant argued that according to Ashcroft, the State had to prove that the alleged
children in the images were actually children. Appellant asserted that the State failed to meet
its burden since no witness or expert was able to testify that the pictures were of real
children. Further, Appellant complained that no witness was able to testify that the images
were not computer generated.
           Here, Appellant was charged with possession of child pornography under the Texas
Penal Code, not the CPPA, and the plain language of the Texas statute indicates that it
prohibits only possession of material that depicts an actual child, not material that merely
“appears” to depict a child. See Tex. Penal Code Ann. § 43.26(a); Webb v. State, 109
S.W.3d 580, 583 (Tex.App.--Fort Worth 2003, no pet.). This conclusion is also supported
by the legislative history of the statute. See Senate Comm. on Criminal Justice, Bill Analysis,
Tex. S.B. 674, 75th Leg., R.S. (1997); Webb, 109 S.W.3d at 583. In fact, the Fort Worth
Court of Appeals has held that the Texas statute prohibits only possession of visual materials
depicting real children. Webb, 109 S.W.3d at 583. The court noted that the statute required
the State to prove (1) that the Appellant possessed visual material depicting a child under the
age of eighteen engaging in sexual conduct and (2) that Appellant knew that the material
depicted a child engaging in sexual conduct. See Tex. Penal Code Ann. § 43.26; Webb, 109
S.W.3d at 583.
 

D. Application of Law
           Here, Appellant challenged the sufficiency of the evidence only to prove that the
images were of actual children. Viewing the evidence in the light most favorable to the
verdict, we find that a rational trier of fact could have found the essential elements of
possession of child pornography beyond a reasonable doubt. See Jackson, 443 U.S. at 318-19, 99 S.Ct. at 2789. First, the jury heard evidence from Officer Stefan Happ that he
believed the images were of actual children and not computer generated. The jury had the
full responsibility of resolving any conflicts in the evidence and assigning credibility to
witnesses. See id. at 319, 99 S.Ct. at 2789; Adelman, 828 S.W.2d at 421. Further, the jury
was shown the images taken from Appellant’s computer, as well as mini-movies. The jury
was allowed to inspect the images under section 43.25 to determine whether the depicted
child was younger than 18. See Tex. Penal Code Ann. § 43.25(g). The jury was also
allowed to use their common sense and apply their common knowledge, observation, and
experience from the ordinary affairs of life to determine that the images depicted actual
children, rather than computer-generated ones. See Griffith, 976 S.W.2d at 690. 
Accordingly, we find that the evidence is legally sufficient to sustain Appellant’s conviction
for possession of child pornography and overrule his sole point of error on review.
 

           The judgment of the trial court is affirmed.
 
                                                                  RICHARD BARAJAS, Chief Justice
March 31, 2005

Before Panel No. 2
Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)