NO.
12-05-00372-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

CARRIE LANE,        §                      APPEAL FROM THE 114TH

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Carrie Lane
appeals her conviction for possession of methamphetamine.  In six issues, she argues that the trial
court erred when it did not conduct a hearing on her motion for new trial, that
the State presented false testimony, and that the trial court should have
granted her motion to suppress.  We
affirm.

 

Background

            On April 18,
2005, Appellant and her boyfriend, Joseph Lopez, were traveling east on
Interstate 20 in Smith County, Texas. 
Appellant was driving.  Troopers
Kenneth Richbourg and Jim Burkett were 
patrolling Interstate 20 when they observed Appellant’s vehicle change
lanes without signaling.  The troopers
stopped Appellant’s vehicle.  Upon
approaching the vehicle, Trooper Richbourg noticed the smell of burnt
marijuana.  Trooper Burkett did not
initially smell the burnt marijuana, but did smell it when he got closer to the
vehicle.  Based on the smell of
marijuana, Trooper Richbourg searched the vehicle and discovered marijuana and
225 grams of methamphetamine.  Appellant
was arrested and later indicted for possession of more than 200 grams but less
than 400 grams of methamphetamine. 








            Appellant
filed a written motion to suppress the methamphetamine prior to trial.  The trial court heard the motion during trial
and denied Appellant’s motion.  The trial
court found that Trooper Richbourg observed Appellant change lanes without signaling
and that he smelled marijuana in the vehicle during the initial traffic
stop.  The trial court determined that
the initial stop of Appellant’s vehicle was justified due to the observation of
the traffic offense and that the trooper had a reasonable basis to search the
vehicle after he smelled the scent of burnt marijuana emanating from the
vehicle.

            The trial
continued, and Appellant was found guilty as charged.  During the punishment phase of the trial, DEA
Special Agent Joe Downing testified on behalf of the State.  Agent Downing testified that 225 grams of
methamphetamine would be approximately 45,000 dosage units for someone who was
not a drug user.  He further testified
that a dosage unit is the amount required to produce an effect or a “high” in
the average person, although he could not say if the “high” would last for a
second or an hour.  The jury assessed
punishment at imprisonment for life. 
Appellant filed a motion for new trial, which was overruled by operation
of law, and this appeal followed.

 

Motion to
Suppress

            In
her third, fourth, fifth, and sixth issues, Appellant contends that the trial
court should have granted her motion to suppress the methamphetamine found in
the vehicle.  Specifically, Appellant
argues that there was no justification for the stop of her vehicle.  Because Appellant has briefed these issues
together, we will address them together. 


Standard of Review

            In
reviewing the trial court’s ruling on a motion to suppress, we apply a
bifurcated standard of review.  See Carmouche
v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).  We give almost total deference to the trial
court’s determination of historical facts, while conducting a de novo review of
the trial court’s application of the law to those facts.  See id.  The trial court is the exclusive finder of
fact in a motion to suppress hearing and may choose to believe or disbelieve
any or all of any witness’s testimony.  See
Romero v. State, 800 S.W.2d 539, 544 (Tex. Crim. App. 1990).  The trial court’s ruling will be sustained if
it is correct on any theory of law applicable to the case.  State v. Ross, 32 S.W.3d 853,
856 (Tex. Crim. App. 2000). 

Applicable Law and Analysis                      

            The
Fourth Amendment to the United States Constitution prohibits unreasonable
searches and seizures.  U.S. Const. amend. IV.  The Texas Constitution contains a similar
prohibition.  See Tex. Const. art. I, § 9.  A warrantless search is unreasonable unless
it falls within certain specific exceptions. 
See Flippo v. West Virginia, 528 U.S. 11, 13, 120 S. Ct.
7, 8, 145 L. Ed. 2d 16 (1999); McGee v. State, 105 S.W.3d 609,
615 (Tex. Crim. App. 2003).  One such
exception is that the police may stop an automobile when the officer observes
the driver of the vehicle commit a traffic violation.  Walter v. State, 28 S.W.3d 538,
542 (Tex. Crim. App. 2000) (citing Whren v. United States, 517
U.S. 806, 810, 116 S. Ct. 1769, 1772, 135 L. Ed. 2d 89 (1996)).  

            Trooper
Richbourg testified that Appellant changed lanes without signaling.  This is a traffic offense, and Appellant does
not argue otherwise.  See Tex. Transp. Code Ann. § 545.104
(Vernon Supp. 2006).  Instead, Appellant
argues that Trooper Richbourg could not have witnessed the alleged traffic
offense because she was too far ahead of him on the highway, there was traffic
between them, and he saw her vehicle for only a matter of seconds.  Therefore, according to Appellant, the
initial stop of her vehicle was illegal. 
As previously stated, we give almost total deference to the trial court’s
determination of historical facts and conduct a de novo review of the trial
court’s application of the law to those facts. 
Carmouche, 10 S.W.3d at 327.  Based upon our examination of the record and
giving due deference to the factual findings of the trial court, we cannot conclude
that the trial court’s decision to believe the trooper’s testimony was an abuse
of discretion.  Therefore, we hold that
the initial stop of Appellant’s vehicle was lawful.  We overrule Appellant’s third, fourth, fifth,
and sixth issues.

 

False Testimony

            In
her first issue, Appellant argues that the trial court should have held a
hearing on her motion for new trial in which she asserted that the State used
false testimony at trial and that she received ineffective assistance of
counsel.  In her second issue, she argues
that the admission of false and misleading testimony from a witness for the
State violated her federal and state constitutional rights to a fair trial and
to due process and due course of law.  Specifically,
Appellant contends that the testimony by Special Agent Downing that the 225
grams of methamphetamine possessed by Appellant could get 45,000 people “high”
was false and violated her constitutional rights and that a hearing should have
been held on her motion for new trial on those grounds.  In this section, we address Appellant’s
second issue and the portion of her first issue relating to false
testimony.  We address the portion of her
first issue relating to ineffective assistance of counsel in the following
section.  

Applicable Law–Motion for New Trial

            A motion for new trial must be filed
no later than thirty days after the date when the trial court imposes or
suspends sentence in open court.  Tex. R. App. P. 21.4(a).  An amended motion for new trial also must be
filed within thirty days after the date when the trial court imposes or
suspends sentence in open court.  Tex. R. App. P. 21.4(b).

            In
reviewing a trial court’s failure to conduct a hearing on a motion for new
trial, the appellate court must ask “whether, on this record, the trial court
could have reasonably denied Appellant a hearing on his motion for new
trial.”  Wallace v. State,
106 S.W.3d 103, 108 (Tex. Crim. App. 2003). 
A hearing is not required when the matters raised in the motion for new
trial are subject to being determined from the record.  Reyes v. State, 849 S.W.2d 812,
816 (Tex. Crim. App. 1993).  Further, to
avoid “fishing expeditions,” a prerequisite to a hearing on a motion for new
trial is that the motion must be supported by an affidavit showing the truth of
the grounds of attack.  Id.  If affidavits attached to the motion for new
trial place the trial court on notice that reasonable grounds exist for a new
trial, the trial court abuses its discretion if it does not conduct a hearing
on the motion.  See Martinez v.
State, 74 S.W.3d 19, 22 (Tex. Crim. App. 2002).  But the trial court does not abuse its
discretion when it overrules the motion without a hearing if the motion and
accompanying affidavits do not show that the movant could be entitled to
relief.  See Wallace, 106
S.W.3d at 108.  Conclusory affidavits are
insufficient to put the trial court on notice that a hearing on the motion for
new trial is required.  See Jordan
v. State, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994).

Applicable Law–False Testimony

            The
presentation of false testimony to secure a conviction in a criminal case is a
serious matter, and deliberate deception by the presentation of known false
evidence violates due process.  Giglio
v. United States, 405 U.S. 150, 153, 92 S. Ct. 763, 766, 31 L. Ed. 2d
104 (1972); Napue v. Illinois, 360 U.S. 264, 269, 79 S. Ct. 1173,
1177, 3 L. Ed. 2d 1217 (1959).  Even if
the State does not solicit false testimony, due process may be violated if
false testimony from a State’s witness is uncorrected.  See Giglio, 405 U.S. at
153, 92 S. Ct. at 766.  Furthermore,
false testimony offered by a police officer violates due process because the
officer’s knowledge is imputed to the government prosecutor.  Ex parte Adams, 768 S.W.2d 281,
292 (Tex. Crim. App. 1989).  The use of
false testimony may violate due process whether it comes in the punishment
phase of trial or in the guilt/innocence phase of a trial.  See Banks v. Dretke, 540 U.S.
668, 690–91, 124 S. Ct. 1256, 1271, 157 L. Ed. 2d 1166 (2004) (applying due
process requirement of disclosure of exculpatory evidence to the penalty phase
of a trial).  The due process problems
raised by false testimony have been recognized by Texas courts.  See Granger v. State, 683
S.W.2d 387, 391 (Tex. Crim. App. 1984).       Appellant does not argue that the Texas
Constitution offers a greater or a different level of due process protection in
this context.  See Mitschke v.
State, 129 S.W.3d 130, 132 (Tex. Crim. App. 2004); see also Ex
parte Adams, 768 S.W.2d at 293 (Making no distinction between federal
and state protections against false testimony.).  Therefore, we will consider only Appellant’s
federal constitutional claim. 

Analysis

            In this case, Appellant did not
attach any affidavits to her motion for new trial.  Although she swore that all facts contained
in the motion were true, the allegations in the motion were conclusory.

            In
relevant part, Appellant’s motion reads as follows:

 

Defendant’s
conviction and sentence was based in part on false testimony from [p]rosecution
witnesses.  For instance, DEA agent
Downing testified that [the] amount of methamphetamine Defendant[s] were caught
with was enough to get 45,000 people high. 
The [j]ury used this information to assess a life punishment for
Defendant.  This testimony is false and
is thus violates [sic] Defendant’s due process rights demanding a new trial for
Defendant.

 

            This
is a conclusory statement alleging that false testimony was presented.  Appellant’s motion did no more than recite
that false testimony was used without providing evidence that contradicted the
alleged false testimony or even a reason to believe the testimony was false.
Appellant filed affidavits and other documents after the expiration of the
thirty day time period for filing a motion for new trial or amendment
thereto.  These affidavits, which were
attached to a written request for a hearing and a written bill of review, were
filed well after the thirty days following the imposition of the sentence.  Even if these documents were construed as an
amendment to the motion for new trial, they were untimely and the trial court
was not required to consider them.  See  Tex.
R. App. P.  21.4(b); Webb v.
State, 109 S.W.3d 580, 581 (Tex. App.–Fort Worth 2003, no pet.).  As such, the trial court did not err by
failing to conduct a hearing on Appellant’s motion for new trial.  

            With
respect to Appellant’s second argument that her sentence was influenced by
false testimony during the punishment phase of the trial, the only competent
information she presented on this issue is the conclusory statements contained
in her motion for new trial.  The
affidavits she filed later are not properly before us.  See, e.g., Rangel v.
State, 972 S.W.2d 827, 838 (Tex. App.–Corpus Christi 1998, pet. ref’d)(“Even
where the original motion for new trial is timely, an untimely amended motion
for new trial is a nullity and cannot form the basis for points of error on
appeal.”).  On this record, we cannot
conclude that Agent Dowling’s opinion as to how many dosage units could be
obtained from 225 grams of methamphetamine was false.  

            We
overrule Appellant’s second issue and the portion of her first issue that
relates to allegations of false testimony. 

 

Ineffective
Assistance of Counsel

            As
part of her first issue, Appellant argues that the trial record does not permit
an effective appellate review of her ineffective assistance claim.  Therefore, she contends, the trial court
erred in not holding a hearing on her motion for new trial.  In her motion for new trial, Appellant
pleaded as follows:

 

There were several
instances in and of themselves that demonstrated ineffective assistance of
counsel on the part of Defendant’s trial [c]ounsel.  Defendant’s trial counsel’s performance taken
as a whole definitely represented ineffective assistance of counsel.  There were several occasions where Defendant’s
trial counsel[’]s actions appear to be ineffective assistance of counsel.  While Defendant cannot see a reasonable trial
strategy for any of the complained of actions or omissions, a hearing is
necessary so as to allow trial counsel a chance to attempt to demonstrate any
legitimate trial strategies.

 

 

            Claims of ineffective assistance of
counsel are evaluated under the two step analysis articulated in Strickland
v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).
The first step requires the Appellant to demonstrate that trial counsel’s
representation fell below an objective standard of reasonableness under
prevailing professional norms.  See Strickland,
466 U.S. at 688, 104 S. Ct. at 2065; McFarland v. State, 928
S.W.2d 482, 500 (Tex. Crim. App. 1996). 
We review counsel’s representation on the basis of the totality of the
representation and not for isolated or incidental deviations from professional
norms.  See Robertson v. State,
187 S.W.3d 475, 483 (Tex. Crim. App. 2006).

            The
second step requires the Appellant to show prejudice from the deficient
performance of his attorney.  See Hernandez
v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999).  To establish prejudice, an appellant must
show that there is a reasonable probability that the result of the proceeding
would have been different but for counsel’s deficient performance.  See Strickland, 466 U.S. at
694, 104 S. Ct. at 2068.

            Appellant’s
motion is insufficient to put the trial court on notice that a hearing was
required on this issue.  Her motion
merely recites that she received ineffective assistance of counsel but fails to
enumerate, or even suggest, where counsel’s representation may have fallen
short of professional norms. 
Furthermore, there is no assertion of any prejudice to her as a result
of counsel’s unmentioned errors. 
Appellant is correct when she asserts that the record of a trial is
generally insufficient to prove ineffective assistance of counsel.  See Jackson v. State, 973
S.W.2d 954, 957 (Tex. Crim. App. 1998). 
But there must be some specific allegation of ineffective assistance of
counsel to require a hearing, and there is none in this case.  

            In
Jordan v. State, 883 S.W.2d 664 (Tex. Crim. App. 1994), the court
of criminal appeals considered a case where the appellant alleged that he
received ineffective assistance of counsel because his attorney did not call
certain witnesses.  The court concluded
that his motion for new trial was insufficient to require a hearing because it
did not explain how counsel’s investigation was inadequate or what the
witnesses would have said.  Id.
at 665.  The allegation in this case is
even less specific that the one in Jordan.  In Jordan the motion pointed to
an area where counsel had failed to do something, call a specific witness, that
could have been a deviation from professional norms.  In this case, Appellant’s motion does not
identify an area of deficient performance, nor does it allege any prejudice to
Appellant as a result of any deficient performance by her attorney.  

            We
have upheld the decision not to hold a hearing on a motion for new trial where
there was no allegation of prejudice resulting from alleged inefficacy of
counsel.  See Robinson v. State,
No. 12-04-00289-CR, 2005 Tex. App. LEXIS 10707, at *5–6 (Tex. App.–Tyler 2005,
pet. ref’d) (mem. op., not designated for publication).  The motion here fails to allege either a
specific instance of deficient performance or any resulting prejudice.  To require a hearing on the bare assertion of
inefficacy of counsel advanced by Appellant would require a hearing every time
that allegation is raised.  The law
requires a hearing on a motion for a new trial only when the movant alleges
sufficient facts for the trial court to conclude that reasonable grounds exist
for holding that such relief could be granted. 
See Wallace v. State, 106 S.W.3d 103, 108 (Tex.
Crim. App. 2003). Appellant’s bare assertion does not meet this standard, and
we overrule this part of Appellant’s first issue.

 

Disposition

            Having
overruled Appellant’s six issues, we affirm the judgment of the
trial court.

 

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

 

 

 

Opinion delivered December
20, 2006.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

(DO NOT PUBLISH)