# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH


## NO. 2-06-378-CR

KENNETH WAYNE PERRY                                                    APPELLANT

V.

THE STATE OF TEXAS                                                           STATE

-----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

-----------

## MEMORANDUM OPINION[1]

-----------

### I. INTRODUCTION

Appellant Kenneth Wayne Perry appeals his convictions for possession of child pornography.  In four points, Perry argues that the evidence is legally and factually insufficient to support his convictions, that the trial court erred by

---

[1] *See* TEX. R. APP. P. 47.4.

admitting extraneous offense evidence, and that the trial court erred by failing to grant his motion to suppress the evidence. We will affirm.

## II. BACKGROUND FACTS

On September 7, 2004, Troy Lawrence, a detective with the Fort Worth Police Department, received a packet from Detective Lori Rangel of the Dallas Police Department containing evidence that Perry posted child pornography to the Yahoo! web group, "Life is Like a Math Problem."

On September 9, 2004, after reviewing the contents of the packet, Detective Lawrence obtained a search warrant for Perry's house. Approximately two hours after obtaining the search warrant, Detective Lawrence, along with Axel Schardt, his partner, and uniformed police officers, went to Perry's house to execute the warrant.

After Perry opened the front door of the house, Detective Lawrence and the officers entered Perry's house and located a computer in the back living room. Detective Lawrence asked Perry if anyone else lived in the house, and Perry told him that his wife, son, and daughter lived in the house with him. Detective Lawrence seized a Gateway computer tower, digital camera, CDs, floppies, and some paperwork. He took the items back to his office at the police department.

Later that day, Detective Lawrence began a forensic analysis of the computer tower. Detective Lawrence found numerous images of child pornography located in various areas on the computer. He stated that the images appeared to have been downloaded off the internet and were not homemade. Detective Lawrence stated that there were no viruses, trojans, or backdoors on the computer that would place the images on the computer without the owner's knowledge.

Perry was indicted on four counts of possession of child pornography. However, the State only tried counts one, two, and four at trial. On October 20, 2006, after entering a plea of not guilty, a jury found Perry guilty of all three counts and assessed his punishment at two years' confinement for counts one, and four and ten years' confinement, probated for ten years for count two.

### III. LEGAL AND FACTUAL SUFFICIENCY

In his first and second points, Perry contends that the evidence is legally and factually insufficient to support his possession of child pornography convictions. Specifically, he argues that the evidence is insufficient to establish that he knowingly possessed the images, that the images were of "real" children, and that he knew the images were of "real" children.

**A.    Standards of Review**

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party. *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); *Drichas v. State*, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the fact-finder's determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the fact-finder's determination is manifestly unjust.  *Watson*, 204 S.W.3d at 414–15, 417; *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the verdict.  *Watson*, 204 S.W.3d at 417.

4

In determining whether the evidence is factually insufficient to support a conviction that is nevertheless supported by legally sufficient evidence, it is not enough that this court "harbor a subjective level of reasonable doubt to overturn [the] conviction." *Id*. We cannot conclude that a conviction is clearly wrong or manifestly unjust simply because we would have decided differently than the jury or because we disagree with the jury's resolution of a conflict in the evidence. *Id*. We may not simply substitute our judgment for the fact-finder's. *Johnson*, 23 S.W.3d at 12; *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). Unless the record clearly reveals that a different result is appropriate, we must defer to the jury's determination of the weight to be given contradictory testimonial evidence because resolution of the conflict "often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered." *Johnson*, 23 S.W.3d at 8. Thus, we must give due deference to the fact-finder's determinations, "particularly those determinations concerning the weight and credibility of the evidence." *Id*. at 9.

An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant's complaint on appeal. *Sims v. State*, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). Moreover, an opinion reversing and remanding on factual insufficiency grounds

must detail all the evidence and clearly state why the finding in question is factually insufficient and under which ground. *Goodman v. State*, 66 S.W.3d 283, 287 (Tex. Crim. App. 2001); *Johnson*, 23 S.W.3d at 7.

**B.    Applicable Law**

A person commits the offense of possession of child pornography if he "knowingly or intentionally possesses visual material that visually depicts a child younger than 18 years of age at the time the image of the child was made who is engaging in sexual conduct and the person knows that the material depicts the child [engaging in sexual conduct]." TEX. PENAL CODE ANN. § 43.26(a) (Vernon 2003). Visual material includes any "physical medium that allows an image to be displayed on a computer or other video screen and any image transmitted to a computer or other video screen by telephone line, cable, satellite transmission, or other method." *Id.* § 43.26(b)(3)(B). Sexual conduct includes sexual contact, actual or simulated sexual intercourse, and lewd exhibition of the genitals or anus. *Id.* § 43.25(a)(2) (Vernon Supp. 2008). A person possesses something when he exercises actual care, custody, control, or management over it. *Id.* § 1.07(a)(39) (Vernon Supp. 2008).

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. *Id.* § 6.03(a) (Vernon

6

2003). A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist or when he is aware that his conduct is reasonably certain to cause the result. *Id.* § 6.03(b).

Proof of a culpable mental state almost invariably depends upon circumstantial evidence. *Krause v. State*, 243 S.W.3d 95, 111 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd), *cert. denied*, 504 U.S. (1992); *see also Hernandez v. State*, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991). A jury can infer knowledge from all the circumstances, including the acts, conduct, and remarks of the accused and the surrounding circumstances. *Krause*, 243 S.W.3d at 111; *see also Dillon v. State*, 574 S.W.2d 92, 94 (Tex. Crim. App. 1978).

### C.    "Knowingly" Possessed

Perry asserts that the evidence does not support the jury's implied finding based on its verdict that he "knowingly" possessed the images. Specifically, he argues that the evidence is legally and factually insufficient because the images were found in the unallocated space of the hard drive, there is no longer a directory for information that is stored in the unallocated space, and a typical user would not know that the information is present on the computer.

Detective Lawrence testified that the three images were found on Perry's computer in the unallocated portion of the hard drive. He explained that unallocated space is the part of the hard drive in which files are not currently being stored. He stated that if you look at a photograph on the computer, but don't save the photograph, it will be cached temporarily in the temporary internet files, and then when you have finished looking at it, it will be stored in the unallocated space. He further stated that when an item is deleted off a computer, it is stored in the unallocated portion of the hard drive. Detective Lawrence stated that information is stored in the unallocated space until it is overwritten by other material.

Additionally, Detective Lawrence said that the images could not have been placed on the computer by default, but rather they had to have been intentionally placed on the computer. He also stated that there is not a directory in the unallocated space; therefore, a person cannot access the images once they are stored in the unallocated space.

Although Detective Lawrence testified that a user cannot access images that are stored in the unallocated space on a computer, he also stated that the images could not have gotten on the computer by default. In other words, Perry must have either deleted a saved image on his computer or viewed an

8

image online without saving it for the image to be stored in the unallocated space.

After reviewing the evidence in the light most favorable to the verdict, we conclude that any rational juror could have found that Perry knowingly possessed the images. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Hampton v. State*, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005). Additionally, the evidence supporting the conviction is not so weak, nor the contrary evidence so overwhelming, that the jury's verdict is clearly wrong or manifestly unjust. *Watson*, 204 S.W.3d at 414–15, 417. Thus, we overrule Perry's first and third points.

**D.    The Images Were of "Real" Children**

Perry argues that the evidence is legally and factually insufficient to prove that he knowingly possessed images of "real" children.

Section 43.26 of the Texas Penal Code only prohibits possession of material that depicts an actual child, not material that merely "appears" to depict a child. TEX. PENAL CODE ANN. § 43.26(a); *Webb v. State*, 109 S.W.3d 580, 583 (Tex. App.—Fort Worth 2003, no pet.). Accordingly, the State must prove that (1) the appellant possessed visual material depicting a child under the age of eighteen engaging in sexual conduct and (2) the appellant knew that

9

the material depicted a child engaging in sexual conduct. *Webb*, 109 S.W.3d

at 583. Section 43.25 of the penal code provides in relevant part that

> [w]hen it becomes necessary for the purposes of this section or
> Section 43.26 to determine whether a child who participated in
> sexual conduct was younger than 18 years of age, the court or jury
> may make this determination by any of the following methods:
>
> (1) personal inspection of the child;
>
> (2) inspection of the photograph or motion picture that shows the
> child engaging in the sexual performance;
>
> (3) oral testimony by a witness to the sexual performance as to the
> age of the child based on the child's appearance at the time;
>
> (4) expert medical testimony based on the appearance of the child
> engaging in the sexual performance; or
>
> (5) any other method authorized by law or by the rules of evidence
> at common law.

TEX. PENAL CODE ANN. § 43.25(g).

Detective Lawrence testified that the three images showed children under

the age of eighteen engaged in sexual conduct. Additionally, the jury was

shown the images taken from Perry's computer. The jury was allowed to

inspect the images under section 43.25 of the penal code to determine whether

the depicted children were younger than eighteen years old. *See id.* The jury

was allowed to use its common sense and apply its common knowledge,

observation, and experience from the ordinary affairs of life when giving effect

10

to the inferences that may reasonably be drawn from the evidence. *Griffith v. State*, 976 S.W.2d 686, 690 (Tex. App.—Tyler 1997, pet. ref'd).

After reviewing the evidence in the light most favorable to the verdict, we conclude that any rational juror could have found that the images were of "real" children and that Perry knowingly possessed the images. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Hampton*, 165 S.W.3d at 693. Additionally, the evidence supporting the conviction is not so weak, nor the contrary evidence so overwhelming, that the jury's verdict is clearly wrong or manifestly unjust. *See Watson*, 204 S.W.3d at 414–15, 417. Accordingly, we overrule Perry's second and fourth points.

## IV. EXTRANEOUS OFFENSE EVIDENCE

In his third point, Perry complains that the trial court erred by admitting evidence of an extraneous offense during the guilt-innocence phase of trial. Specifically, Perry alleges that evidence that he posted child pornography to a Yahoo! group was inadmissible under Rule 104(b), 403, and 404(b) of the Texas Rules of Evidence.

### A. Standard of Review

The standard of review for a trial court's ruling under the Rules of Evidence is abuse of discretion. *Sauceda v. State*, 129 S.W.3d 116, 120 (Tex. Crim. App. 2004); *Angleton v. State*, 971 S.W.2d 65, 67 (Tex. Crim. App.

11

1998). If the ruling was correct on any theory of law applicable to the case, in light of what was before the trial court at the time the ruling was made, then we must uphold the judgment. *Sauceda*, 129 S.W.3d at 120; *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); *Romero v. State*, 800 S.W.2d 539, 543–44 (Tex. Crim. App. 1990).

**B.      Analysis**

Perry argues that the trial court abused its discretion by admitting evidence of the Yahoo! website because it violates rules 104(b), 403, and 404(b).

Rule 404(b) provides that

[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

TEX. R. EVID. 404(b).

Here, the Yahoo! evidence was admissible to show Perry's intent or motive to view and possess the three images on his computer. Additionally, the evidence is admissible to show Perry's knowledge that the images were on his computer and that they were not on his computer as a result of mistake or

12

accident. Accordingly, we hold that the Yahoo! evidence was admissible under Rule 404(b).

We now turn to the balancing factors under Rule 403(b). The relevant criteria in determining whether the prejudice of an extraneous offense outweighs its probative value include (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest a decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006).

The Yahoo! evidence is probative of Perry's intent to view and store child pornography on his computer and to explain why his house was searched for child pornography. Furthermore, the State's need for the evidence was moderate because it established the reason why Perry's house was searched. Additionally, we believe that presenting the jury with this evidence would not lead to a decision on an improper basis. Next, the presentation of the Yahoo!

13

evidence did not have a tendency to confuse or distract the jury from the main issues. Further, the evidence did not have a tendency to be given undue weight by the jury because the Yahoo! images were similar to the images made on the basis of the indictment. Finally, although the Yahoo! evidence was presented throughout the State's case-in-chief, the presentation did not consume an inordinate amount of time or merely repeat evidence already admitted. Thus, we hold that the Yahoo! evidence was admissible under Rule 403.

Accordingly, we hold that the trial court did not abuse its discretion by admitting the Yahoo! evidence over Perry's objections. Therefore, we overrule Perry's third point.

## V. MOTION TO SUPPRESS

In his fourth point, Perry argues that the trial court erred by failing to grant his motion to suppress the search of his residence. Specifically, Perry argues that the search warrant affidavit was not supported by probable cause and that evidence was purposefully omitted from the search warrant affidavit that would have altered the probable cause determination. The State argues that the trial court did not err by denying Perry's motion to suppress.

### A. Standard of Review

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex.

14

Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). In reviewing the trial court's decision, we do not engage in our own factual review. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); *Best v. State*, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.). The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007); *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000), *modified on other grounds by State v. Cullen*, 195 S.W.3d 696 (Tex. Crim. App. 2006). Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact, even if the trial court's determination of those facts was not based on an evaluation of credibility and demeanor, and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Montanez v. State*, 195 S.W.3d 101, 108–09 (Tex. Crim. App. 2006); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002). But when application-of-law-to-fact questions do not turn on the credibility and demeanor of the witnesses, we review the trial court's rulings on those questions de novo. *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson*, 68 S.W.3d at 652–53.

15

Stated another way, when reviewing the trial court's ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court's ruling. *Wiede*, 214 S.W.3d at 24; *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). When the trial court makes explicit fact findings, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those fact findings. *Kelly*, 204 S.W.3d at 818–19. We then review the trial court's legal ruling de novo unless its explicit fact findings that are supported by the record are also dispositive of the legal ruling. *Id*. at 819.

When the record is silent on the reasons for the trial court's ruling, or when there are no explicit fact findings and neither party timely requested findings and conclusions from the trial court, we imply the necessary fact findings that would support the trial court's ruling if the evidence, viewed in the light most favorable to the trial court's ruling, supports those findings. *Id*.; *see Amador*, 221 S.W.3d at 673; *Wiede*, 214 S.W.3d at 25. We then review the trial court's legal ruling de novo unless the implied fact findings supported by the record are also dispositive of the legal ruling. *Kelly*, 204 S.W.3d at 819.

We must uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case even if the trial court gave the wrong reason for its ruling. *State v. Stevens*, 235 S.W.3d 736, 740

16

(Tex. Crim. App. 2007); *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), *cert. denied*, 541 U.S. 974 (2004).

**B.      Probable Cause to Search the Residence**

Perry asserts that the trial court should have granted his motion to suppress the evidence because the search warrant affidavit fails to state probable cause that he committed an offense and that evidence would be found at his residence.

When reviewing a magistrate's decision to issue a warrant, we apply the deferential standard of review articulated by the United States Supreme Court in *Illinois v. Gates*, 462 U.S. 213, 236, 103 S. Ct. 2317, 2331 (1983). *Swearingen v. State*, 143 S.W.3d 808, 810–11 (Tex. Crim. App. 2004). Under that standard, we uphold the probable cause determination "so long as the magistrate had a 'substantial basis for . . . conclud[ing]' that a search would uncover evidence of wrongdoing."  *Gates*, 462 U.S. at 236, 103 S. Ct. at 2331; *see Swearingen*, 143 S.W.3d at 810.

In assessing the sufficiency of an affidavit for an arrest or a search warrant, the reviewing court is limited to the four corners of the affidavit. *Hankins v. State*, 132 S.W.3d 380, 388 (Tex. Crim. App.), *cert. denied*, 543 U.S. 944 (2004); *Jones v. State*, 833 S.W.2d 118, 123 (Tex. Crim. App. 1992), *cert. denied*, 507 U.S. 921 (1993). The reviewing court should interpret

17

the affidavit in a common sense and realistic manner, recognizing that the magistrate was permitted to draw reasonable inferences. *Hankins*, 132 S.W.3d at 388; *Jones*, 833 S.W.2d at 124.

Probable cause will be found to exist if the affidavit shows facts and circumstances within the affiant's knowledge and of which the affiant has reasonably trustworthy information sufficient to warrant a person of reasonable caution to believe that the criteria set forth in article 18.01(c) of the Texas Code of Criminal Procedure, have been met. *Tolentino v. State*, 638 S.W.2d 499, 501 (Tex. Crim. App. 1982); *see* TEX. CODE CRIM. PROC. ANN. art. 18.01(c) (Vernon Supp. 2008). Therefore, the affidavit must set forth facts which establish that (1) a specific offense has been committed, (2) the property to be searched or items to be seized constitute evidence of the offense or evidence that a particular person committed the offense, and (3) the property or items are located at or on the person, place, or thing to be searched. *Tolentino*, 638 S.W.2d at 501. A mere affirmation of belief or suspicion is not enough to sustain the issuance of a search warrant. *Id.* The task of the issuing magistrate is to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Johnson v. State*, 803 S.W.2d 272, 288 (Tex. Crim. App. 1990), *cert. denied*,

18

501 U.S. 1259 (1991), *overruled on other grounds by Heitman v. State*, 815

S.W.2d 681, 685 n.6 (Tex. Crim. App. 1991).

The affidavit provided in relevant part:

3.   On September 7, 2004, Affiant received a complaint from Detective LM Rangel #7361 from the Dallas Police Department's Child Exploitation Unit.  This case is in reference to National Center for Missing and Exploited Children (NCMEC) CyberTipline Report #'s 251997 and #251999.  These complaints were received from Yahoo! Inc. and dealt with the Yahoo! User "HURLIBO3" with the mail address HURLIBO3@YAHOO.COM and the group (http:groups.yahoo.com/group/lifeislikeamathproblem).   The suspect posted numerous child pornography images to the listed Yahoo! group.  Yahoo does not provide the date and time that the actual images were uploaded.  They only provide the date the Yahoo! account was created and the most recent log-in dates and times, if available.

4.  A Dallas County grand jury subpoena was obtained from Yahoo for the email address HURLIBO3@YAHOO.COM.  Yahoo responded back with a creation date, time and IP address.  Yahoo provided the IP address used by this customer, IP 4.226.189.32 with the creation time and date of Thursday, June 17, 2004 @ 15:16:47 Pacific Time.

5.  Detective Rangel used visual route to see what company owned that IP address.  Level 3 Communications is associated with this IP address.

6.  On August 2, 2004, Detective Rangel obtained a Dallas County grand jury subpoena to request subscriber information from Level 3 Communications, regarding the IP address 4.226.189.32 for June 17, 2004 @ 15:16:47 Pacific Time.

7.   Level 3 responded back with the user name uj0701545242@jweb-level3.juno.com.  Level 3 also provided the ANI (817) 927-8671.

19

8.  Det. Rangel did a search of this phone number.  This phone number comes back to Kenneth W. Perry at 3512 Medina Avenue, Fort Worth, Texas 76133.

9.  Det. Rangel obtained a Dallas County grand jury subpoena for United Online for the user name uj0701545242@jweb-level3.juno.com.

10.  United Online responded back on August 24, 2004 with the customer name Kenneth W. Perry, 3512 Medina Avenue, Fort Worth, Texas 76133, phone number (817) 927-8671. The primary account name for this subscriber is KKPERRY55.  This profile is billed on Visa Credit Card #[ ] under the name of Kenneth W. Perry at 3512 Medina Avenue, Fort Worth, Texas 76133.  This subscriber has been an account holder since January 15, 2000.

11.  Det. Rangel did a DL search of Kenneth W. Perry and located TX DL # 08830972.  This DL registers to Kenneth Wayne Perry and lists his address as 3512 Medina, Fort Worth, Texas 76133. It further describes him as a white male, 6'0'', 200 pounds, Brown Hair, Hazel Eyes, with a birthday of 9/14/1952.

12.  A search of the Tarrant Appraisal District shows the registered owner of the property located at 3512 Medina Avenue, Fort Worth, Texas to be Kenneth W. Etux Karen L. Perry since the deed date of 10/17/1997.

13.  Affiant also received an envelope from Det. Rangel containing a compact disc.  This disc contains the images uploaded by the suspect to the Yahoo! group from both CyberTipline complaints.

14.  The images, from complaint # 251997, of child pornography posted to the Yahoo! group are attached to this affidavit as exhibit #1.

15.  The images, from complaint # 251999, of child pornography posted to the Yahoo! group are attached to this affidavit as exhibit #2.

16. Through Affiant's training and experience, Affiant knows that computer files can be maintained for long periods of time in a number of ways: on a computer's built-in hard disk drive, on portable storage disks, on CD-ROMs, or on other computer media. Most often the user maintains the files purposefully. Even when the files have been "deleted", however, computer forensic examiners are nonetheless often able to recover the files that had been purposefully possessed previously.

Perry asserts that the only evidence in the affidavit that connects him to the Yahoo! group is the telephone number that was used to access the internet at the time that the Yahoo! group was created. We disagree.

The affidavit set forth sufficient facts to show that the affiant had probable cause to believe that Perry posted the images on the Yahoo! website and that child pornography could be found on Perry's computer. The affidavit details how the affiant traced the Yahoo! evidence to Perry's computer and the steps the affiant took to verify that Perry was the individual who posted the images. Accordingly, the facts contained in the affidavit establish probable cause that a crime had been committed and that there was fair probability that images constituting evidence would be found at Perry's house. *See* TEX. CODE CRIM. PROC. ANN. art. 18.01(c). Thus, we hold that the affidavit clearly sets forth facts to satisfy each element of article 18.01(c) of the code of criminal procedure.

## C.    Omission in Affidavit

Perry further argues that the trial court erred by denying his motion to suppress because the affiant purposefully omitted facts from the affidavit that were relevant to the determination of probable cause.  Specifically, Perry asserts that Detective Lawrence purposefully omitted the name, Mr. Cory Ryker of Dallas, Texas, which was registered to the Yahoo! group on June 7, 2004.

In *Franks v. Delaware*, the Supreme Court recognized that if an affirmative misrepresentation is knowingly included in a probable cause affidavit, and the misrepresentation is material and necessary to establishing the probable cause, the warrant is rendered invalid under the Fourth Amendment. 438 U.S. 154, 155–56, 98 S. Ct. 2674, 2676 (1978).  In *Darby v. State*, we held that although the Texas Court of Criminal Appeals has never directly decided the issue, omissions in search warrant affidavits should be analyzed under *Franks*.  145 S.W.3d 714, 722 (Tex. App.—Fort Worth 2004, pet. ref'd) (citations omitted).  In order for an affiant's omission to be a basis to suppress a warrant, the appellant must establish by a preponderance of the evidence that the omission was made knowingly, intentionally, or with reckless disregard for the truth in an attempt to mislead the magistrate.  *Id.*

Here, the record does not reflect by a preponderance of the evidence that Detective Lawrence intentionally or knowingly, with reckless disregard for the

truth, made any misstatements or omissions in the affidavit that would affect the finding of probable cause in support of the issuance of the warrant. *See id.* Given the thoroughness of Detective Lawrence's investigation and the evidence gathered during the course of the investigation as discussed in the affidavit, Perry has not shown that Detective Lawrence's omissions were made intentionally or in reckless disregard of the truth in an attempt to mislead the magistrate judge. *See Darby*, 145 S.W.3d at 721–22 (holding omission that tipster used victim's credit card or that she was in jail for domestic violence when interviewed was not sufficient to defeat probable cause).

Additionally, even if the omitted information had been included in the affidavit, a magistrate judge could reasonably conclude that Perry, not Cory Ryker, posted the images on Yahoo!. As such, even if the information had been included, the magistrate judge could have determined that probable cause existed to issue the warrant to search Perry's residence. *See Hackleman v. State*, 919 S.W.2d 440, 449 (Tex. App.—Austin 1996, pet. ref'd). Thus, we hold that the warrant was not rendered invalid because of the omission. Having determined that the search warrant stated probable cause to search Perry's house and the warrant was not invalid because of the omission, we overrule Perry's fourth point.

## VI. CONCLUSION

Having overruled Perry's four points, we affirm the trial court's judgment.


DIXON W. HOLMAN
JUSTICE

PANEL:  CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED:  August 21, 2008