COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-06-378-CR

 

 

KENNETH WAYNE PERRY                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction








Appellant Kenneth Wayne Perry
appeals his convictions for possession of child pornography.  In four points, Perry argues that the
evidence is legally and factually insufficient to support his convictions, that
the trial court erred by admitting extraneous offense evidence, and that the trial
court erred by failing to grant his motion to suppress the evidence.  We will affirm.

II.  Background Facts

On September 7, 2004, Troy
Lawrence, a detective with the Fort Worth Police Department, received a packet
from Detective Lori Rangel of the Dallas Police Department containing evidence
that Perry posted child pornography to the Yahoo! web group, ALife is Like a Math Problem.@

On September 9, 2004, after
reviewing the contents of the packet, Detective Lawrence obtained a search
warrant for Perry=s house.  Approximately two hours after obtaining the
search warrant, Detective Lawrence, along with Axel Schardt, his partner, and
uniformed police officers, went to Perry=s house to execute the warrant.

After Perry opened the front
door of the house, Detective Lawrence and the officers entered Perry=s house and located a computer in the back living room.  Detective Lawrence asked Perry if anyone else
lived in the house, and Perry told him that his wife, son, and daughter lived
in the house with him. Detective Lawrence seized a Gateway computer tower,
digital camera, CDs, floppies, and some paperwork.  He took the items back to his office at the
police department.








Later that day, Detective
Lawrence began a forensic analysis of the computer tower.  Detective Lawrence found numerous images of
child pornography located in various areas on the computer.  He stated that the images appeared to have
been downloaded off the internet and were not homemade.  Detective Lawrence stated that there were no
viruses, trojans, or backdoors on the computer that would place the images on
the computer without the owner=s knowledge.

Perry was indicted on four
counts of possession of child pornography. 
However, the State only tried counts one, two, and four at trial.  On October 20, 2006, after entering a plea of
not guilty, a jury found Perry guilty of all three counts and assessed his
punishment at two years= confinement
for counts one, and four and ten years= confinement, probated for ten years for count two.

III.  Legal and Factual Sufficiency

In his first and second
points, Perry contends that the evidence is legally and factually insufficient
to support his possession of child pornography convictions.  Specifically, he argues that the evidence is
insufficient to establish that he knowingly possessed the images, that the
images were of Areal@ children, and that he knew the images were of Areal@ children.

 

 








A.     Standards of Review

In reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the prosecution in order to determine whether
any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton v.
State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

When reviewing the factual
sufficiency of the evidence to support a conviction, we view all the evidence
in a neutral light, favoring neither party. 
Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Drichas
v. State, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting
the conviction, although legally sufficient, is nevertheless so weak that the
fact-finder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
fact-finder=s
determination is manifestly unjust.  Watson,
204 S.W.3d at 414B15, 417; Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  To reverse under the second ground, we must
determine, with some objective basis in the record, that the great weight and
preponderance of all the evidence, though legally sufficient, contradicts the verdict.  Watson, 204 S.W.3d at 417.








In determining whether the
evidence is factually insufficient to support a conviction that is nevertheless
supported by legally sufficient evidence, it is not enough that this court Aharbor a subjective level of reasonable doubt to overturn [the]
conviction.@  Id. 
We cannot conclude that a conviction is clearly wrong or manifestly
unjust simply because we would have decided differently than the jury or
because we disagree with the jury=s resolution of a conflict in the evidence.  Id. 
We may not simply substitute our judgment for the fact-finder=s.  Johnson, 23 S.W.3d at
12; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a
different result is appropriate, we must defer to the jury=s determination of the weight to be given contradictory testimonial
evidence because resolution of the conflict Aoften turns on an evaluation of credibility and demeanor, and those
jurors were in attendance when the testimony was delivered.@  Johnson, 23 S.W.3d at
8.  Thus, we must give due deference to
the fact-finder=s
determinations, Aparticularly
those determinations concerning the weight and credibility of the evidence.@  Id. at 9.








An opinion addressing factual
sufficiency must include a discussion of the most important and relevant
evidence that supports the appellant=s complaint on appeal.  Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).  Moreover, an opinion reversing and remanding
on factual insufficiency grounds must detail all the evidence and clearly state
why the finding in question is factually insufficient and under which ground.  Goodman v.
State, 66 S.W.3d 283, 287 (Tex. Crim. App. 2001); Johnson, 23 S.W.3d
at 7.

B.     Applicable Law

A person commits the offense
of possession of child pornography if he Aknowingly or intentionally possesses visual material that visually
depicts a child younger than 18 years of age at the time the image of the child
was made who is engaging in sexual conduct and the person knows that the
material depicts the child [engaging in sexual conduct].@  TEX. PENAL CODE ANN. ' 43.26(a) (Vernon 2003). 
Visual material includes any Aphysical medium that allows an image to be displayed on a computer or
other video screen and any image transmitted to a computer or other video
screen by telephone line, cable, satellite transmission, or other method.@  Id. ' 43.26(b)(3)(B).  Sexual
conduct includes sexual contact, actual or simulated sexual intercourse, and
lewd exhibition of the genitals or anus. 
Id. ' 43.25(a)(2)
(Vernon Supp. 2008).  A person possesses
something when he exercises actual care, custody, control, or management over
it.  Id. ' 1.07(a)(39) (Vernon Supp. 2008).








A person acts intentionally,
or with intent, with respect to the nature of his conduct or to a result of his
conduct when it is his conscious objective or desire to engage in the conduct
or cause the result.  Id. ' 6.03(a) (Vernon 2003).  A
person acts knowingly, or with knowledge, with respect to the nature of his
conduct or to circumstances surrounding his conduct when he is aware of the
nature of his conduct or that the circumstances exist or when he is aware that
his conduct is reasonably certain to cause the result.  Id. ' 6.03(b). 

Proof of a culpable mental
state almost invariably depends upon circumstantial evidence.  Krause v. State, 243 S.W.3d 95, 111
(Tex. App.CHouston [1st
Dist.] 2007, pet. ref=d), cert.
denied, 504 U.S. (1992); see also Hernandez v. State, 819 S.W.2d
806, 810 (Tex. Crim. App. 1991).  A jury
can infer knowledge from all the circumstances, including the acts, conduct,
and remarks of the accused and the surrounding circumstances.  Krause, 243 S.W.3d at 111; see also
Dillon v. State, 574 S.W.2d 92, 94 (Tex. Crim. App. 1978).

C.     AKnowingly@ Possessed

Perry asserts that the
evidence does not support the jury=s implied finding based on its verdict that he Aknowingly@ possessed
the images.  Specifically, he argues that
the evidence is legally and factually insufficient because the images were
found in the unallocated space of the hard drive, there is no longer a
directory for information that is stored in the unallocated space, and a
typical user would not know that the information is present on the computer.








Detective Lawrence testified
that the three images were found on Perry=s computer in the unallocated portion of the hard drive.  He explained that unallocated space is the
part of the hard drive in which files are not currently being stored.  He stated that if you look at a photograph on
the computer, but don=t save the
photograph, it will be cached temporarily in the temporary internet files, and
then when you have finished looking at it, it will be stored in the unallocated
space.  He further stated that when an
item is deleted off a computer, it is stored in the unallocated portion of the
hard drive.  Detective Lawrence stated
that information is stored in the unallocated space until it is overwritten by
other material.

Additionally, Detective
Lawrence said that the images could not have been placed on the computer by
default, but rather they had to have been intentionally placed on the
computer.  He also stated that there is
not a directory in the unallocated space; therefore, a person cannot access the
images once they are stored in the unallocated space.








Although Detective Lawrence
testified that a user cannot access images that are stored in the unallocated
space on a computer, he also stated that the images could not have gotten on
the computer by default.  In other words,
Perry must have either deleted a saved image on his computer or viewed an image
online without saving it for the image to be stored in the unallocated space.

After reviewing the evidence
in the light most favorable to the verdict, we conclude that any rational juror
could have found that Perry knowingly possessed the images.  See Jackson, 443 U.S. at 319, 99 S.
Ct. at 2789; Hampton v. State, 165 S.W.3d 691, 693 (Tex. Crim. App.
2005).  Additionally, the evidence
supporting the conviction is not so weak, nor the contrary evidence so
overwhelming, that the jury=s verdict is clearly wrong or manifestly unjust.  Watson, 204 S.W.3d at 414B15, 417.  Thus, we overrule
Perry=s first and third points.

D.     The Images Were of AReal@ Children

Perry argues that the
evidence is legally and factually insufficient to prove that he knowingly
possessed images of Areal@ children.








Section 43.26 of the Texas
Penal Code only prohibits possession of material that depicts an actual child,
not material that merely Aappears@ to depict a child.  TEX. PENAL CODE ANN. ' 43.26(a); Webb v. State, 109 S.W.3d 580, 583 (Tex. App.CFort Worth 2003, no pet.). 
Accordingly, the State must prove that (1) the appellant possessed
visual material depicting a child under the age of eighteen engaging in sexual
conduct and (2) the appellant knew that the material depicted a child engaging
in sexual conduct.  Webb, 109
S.W.3d at 583.  Section 43.25 of the
penal code provides in relevant part that

[w]hen
it becomes necessary for the purposes of this section or Section 43.26 to
determine whether a child who participated in sexual conduct was younger than
18 years of age, the court or jury may make this determination by any of the
following methods:

 

(1)
personal inspection of the child;

 

(2)
inspection of the photograph or motion picture that shows the child engaging in
the sexual performance;

 

(3)
oral testimony by a witness to the sexual performance as to the age of the
child based on the child=s
appearance at the time;

 

(4)
expert medical testimony based on the appearance of the child engaging in the
sexual performance; or

 

(5)
any other method authorized by law or by the rules of evidence at common law.

 

TEX. PENAL CODE ANN. ' 43.25(g).








Detective Lawrence testified
that the three images showed children under the age of eighteen engaged in
sexual conduct.  Additionally, the jury
was shown the images taken from Perry=s computer.  The jury was
allowed to inspect the images under section 43.25 of the penal code to
determine whether the depicted children were younger than eighteen years
old.  See id.  The jury was allowed to use its common sense
and apply its common knowledge, observation, and experience from the ordinary
affairs of life when giving effect to the inferences that may reasonably be
drawn from the evidence.  Griffith v.
State, 976 S.W.2d 686, 690 (Tex. App.CTyler 1997, pet. ref=d).

After reviewing the evidence
in the light most favorable to the verdict, we conclude that any rational juror
could have found that the images were of Areal@ children
and that Perry knowingly possessed the images. 
See Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Hampton,
165 S.W.3d at 693.  Additionally, the
evidence supporting the conviction is not so weak, nor the contrary evidence so
overwhelming, that the jury=s verdict is clearly wrong or manifestly unjust.  See Watson, 204 S.W.3d at 414B15, 417.  Accordingly, we
overrule Perry=s second and
fourth points.

IV.  Extraneous Offense Evidence

In his third point, Perry
complains that the trial court erred by admitting evidence of an extraneous
offense during the guilt-innocence phase of trial. Specifically, Perry alleges
that evidence that he posted child pornography to a Yahoo! group was
inadmissible under Rule 104(b), 403, and 404(b) of the Texas Rules of Evidence.

A.     Standard of Review








The standard of review for a
trial court=s ruling
under the Rules of Evidence is abuse of discretion.  Sauceda v. State, 129 S.W.3d 116, 120
(Tex. Crim. App. 2004); Angleton v. State, 971 S.W.2d 65, 67 (Tex. Crim.
App. 1998).  If the ruling was correct on
any theory of law applicable to the case, in light of what was before the trial
court at the time the ruling was made, then we must uphold the judgment.  Sauceda, 129 S.W.3d at 120; State
v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); Weatherred v. State,
15 S.W.3d 540, 542 (Tex. Crim. App. 2000); Romero v. State, 800 S.W.2d
539, 543B44 (Tex. Crim. App. 1990).

B.     Analysis

Perry argues that the trial
court abused its discretion by admitting evidence of the Yahoo! website because
it violates rules 104(b), 403, and 404(b).

Rule 404(b) provides that 

[e]vidence
of other crimes, wrongs or acts is not admissible to prove the character of a
person in order to show action in conformity therewith.  It may, however, be admissible for other
purposes, such as proof of motive, opportunity, intent, preparation, plan,
knowledge, identity, or absence of mistake or accident . . . .

 

TEX. R. EVID. 404(b).  








Here, the Yahoo! evidence was
admissible to show Perry=s intent or
motive to view and possess the three images on his computer.  Additionally, the evidence is admissible to
show Perry=s knowledge
that the images were on his computer and that they were not on his computer as
a result of mistake or accident. 
Accordingly, we hold that the Yahoo! evidence was admissible under Rule
404(b).

We now turn to the balancing
factors under Rule 403(b).  The relevant
criteria in determining whether the prejudice of an extraneous offense
outweighs its probative value include (1) the inherent probative force of the
proffered item of evidence along with (2) the proponent=s need for that evidence against (3) any tendency of the evidence to
suggest a decision on an improper basis, (4) any tendency of the evidence to
confuse or distract the jury from the main issues, (5) any tendency of the
evidence to be given undue weight by a jury that has not been equipped to
evaluate the probative force of the evidence, and (6) the likelihood that
presentation of the evidence will consume an inordinate amount of time or
merely repeat evidence already admitted. 
Gigliobianco v. State, 210 S.W.3d 637, 641B42 (Tex. Crim. App. 2006).








The Yahoo! evidence is
probative of Perry=s intent to
view and store child pornography on his computer and to explain why his house
was searched for child pornography. 
Furthermore, the State=s need for the evidence was moderate because it established the reason
why Perry=s house was
searched.  Additionally, we believe that
presenting the jury with this evidence would not lead to a decision on an
improper basis.  Next, the presentation
of the Yahoo! evidence did not have a tendency to confuse or distract the jury
from the main issues.  Further, the
evidence did not have a tendency to be given undue weight by the jury because
the Yahoo! images were similar to the images made on the basis of the
indictment.  Finally, although the Yahoo!
evidence was presented throughout the State=s case-in-chief, the presentation did not consume an inordinate amount
of time or merely repeat evidence already admitted.  Thus, we hold that the Yahoo! evidence was
admissible under Rule 403.

Accordingly, we hold that the
trial court did not abuse its discretion by admitting the Yahoo! evidence over
Perry=s objections.  Therefore, we
overrule Perry=s third
point.

V.  Motion to Suppress

In his fourth point, Perry
argues that the trial court erred by failing to grant his motion to suppress
the search of his residence. 
Specifically, Perry argues that the search warrant affidavit was not
supported by probable cause and that evidence was purposefully omitted from the
search warrant affidavit that would have altered the probable cause
determination.  The State argues that the
trial court did not err by denying Perry=s motion to suppress.

A.     Standard of Review








We review a trial court=s ruling on a motion to suppress evidence under a bifurcated standard
of review.  Amador v. State, 221
S.W.3d 666, 673 (Tex. Crim. App. 2007); Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997).  In reviewing the
trial court=s decision,
we do not engage in our own factual review. 
Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); Best
v. State, 118 S.W.3d 857, 861 (Tex. App.CFort Worth 2003, no pet.).  The
trial judge is the sole trier of fact and judge of the credibility of the
witnesses and the weight to be given their testimony.  Wiede v. State, 214 S.W.3d 17, 24B25 (Tex. Crim. App. 2007); State v. Ross, 32 S.W.3d 853, 855
(Tex. Crim. App. 2000), modified on other grounds by State v. Cullen,
195 S.W.3d 696 (Tex. Crim. App. 2006). 
Therefore, we give almost total deference to the trial court=s rulings on (1) questions of historical fact, even if the trial court=s determination of those facts was not based on an evaluation of
credibility and demeanor, and (2) application‑of‑law‑to‑fact
questions that turn on an evaluation of credibility and demeanor.  Amador, 221 S.W.3d at 673; Montanez
v. State, 195 S.W.3d 101, 108B09 (Tex. Crim. App. 2006); Johnson v. State, 68 S.W.3d 644, 652B53 (Tex. Crim. App. 2002).  But
when application-of-law-to-fact questions do not turn on the credibility and
demeanor of the witnesses, we review the trial court=s rulings on those questions de novo. 
Amador, 221 S.W.3d at 673; Estrada v. State, 154 S.W.3d
604, 607 (Tex. Crim. App. 2005); Johnson, 68 S.W.3d at 652B53.








Stated another way, when
reviewing the trial court=s ruling on
a motion to suppress, we must view the evidence in the light most favorable to
the trial court=s
ruling.  Wiede, 214 S.W.3d at 24; State
v. Kelly, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).  When the trial court makes explicit fact
findings, we determine whether the evidence, when viewed in the light most
favorable to the trial court=s ruling, supports those fact findings.  Kelly, 204 S.W.3d at 818B19.  We then review the trial
court=s legal ruling de novo unless its explicit fact findings that are
supported by the record are also dispositive of the legal ruling.  Id. at 819.

When the record is silent on
the reasons for the trial court=s ruling, or when there are no explicit fact findings and neither
party timely requested findings and conclusions from the trial court, we imply
the necessary fact findings that would support the trial court=s ruling if the evidence, viewed in the light most favorable to the
trial court=s ruling,
supports those findings.  Id.; see  Amador, 221 S.W.3d at 673; Wiede,
214 S.W.3d at 25.  We then review the
trial court=s legal
ruling de novo unless the implied fact findings supported by the record are
also dispositive of the legal ruling.  Kelly,
204 S.W.3d at 819.








We must uphold the trial
court=s ruling if it is supported by the record and correct under any theory
of law applicable to the case even if the trial court gave the wrong reason for
its ruling.  State v. Stevens, 235
S.W.3d 736, 740  (Tex. Crim. App. 2007); Armendariz
v. State, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), cert. denied,
541 U.S. 974 (2004).

B.     Probable Cause to Search
the Residence

Perry asserts that the trial
court should have granted his motion to suppress the evidence because the
search warrant affidavit fails to state probable cause that he committed an
offense and that evidence would be found at his residence.

When reviewing a magistrate=s decision to issue a warrant, we apply the deferential standard of
review articulated by the United States Supreme Court in Illinois v. Gates,
462 U.S. 213, 236, 103 S. Ct. 2317, 2331 (1983). Swearingen v. State,
143 S.W.3d 808, 810B11 (Tex.
Crim. App. 2004). Under that standard, we uphold the probable cause
determination Aso long as
the magistrate had a >substantial
basis for . . . conclud[ing]= that a search would uncover evidence of wrongdoing.@  Gates, 462 U.S. at 236,
103 S. Ct. at 2331; see Swearingen, 143 S.W.3d at 810.








In assessing the sufficiency
of an affidavit for an arrest or a search warrant, the reviewing court is
limited to the four corners of the affidavit. Hankins v. State, 132
S.W.3d 380, 388 (Tex. Crim. App.), cert. denied, 543 U.S. 944 (2004); Jones
v. State, 833 S.W.2d 118, 123 (Tex. Crim. App. 1992), cert. denied,
507 U.S. 921 (1993). The reviewing court should interpret the affidavit in a
common sense and realistic manner, recognizing that the magistrate was
permitted to draw reasonable inferences. 
Hankins, 132 S.W.3d at 388; Jones, 833 S.W.2d at 124.








Probable cause will be found
to exist if the affidavit shows facts and circumstances within the affiant=s knowledge and of which the affiant has reasonably trustworthy
information sufficient to warrant a person of reasonable caution to believe
that the criteria set forth in article 18.01(c) of the Texas Code of Criminal
Procedure, have been met.  Tolentino v.
State, 638 S.W.2d 499, 501 (Tex. Crim. App. 1982); see Tex. Code Crim. Proc. Ann. art.
18.01(c) (Vernon Supp. 2008). Therefore, the affidavit must set forth facts
which establish that (1) a specific offense has been committed, (2) the
property to be searched or items to be seized constitute evidence of the
offense or evidence that a particular person committed the offense, and (3) the
property or items are located at or on the person, place, or thing to be
searched.  Tolentino, 638 S.W.2d
at 501.  A mere affirmation of belief or
suspicion is not enough to sustain the issuance of a search warrant.  Id. 
The task of the issuing magistrate is to make a practical, common
sense decision whether, given all the circumstances set forth in the affidavit
before him, there is a fair probability that contraband or evidence of a crime
will be found in a particular place. Johnson v. State, 803 S.W.2d 272,
288 (Tex. Crim. App. 1990), cert. denied, 501 U.S. 1259 (1991),
overruled on other grounds by Heitman v. State, 815 S.W.2d 681, 685 n.6
(Tex. Crim. App. 1991).

The affidavit provided in
relevant part:

3.  On September 7, 2004, Affiant received a
complaint from Detective LM Rangel #7361 from the Dallas Police Department=s
Child Exploitation Unit.  This case is in
reference to National Center for Missing and Exploited Children (NCMEC)
CyberTipline Report #=s
251997 and #251999.  These complaints
were received from Yahoo! Inc. and dealt with the Yahoo! User AHURLIBO3"
with the

mail
address HURLIBO3@YAHOO.COM and the group
(http:groups.yahoo.com/group/lifeislikeamathproblem).  The suspect posted numerous child pornography
images to the listed Yahoo! group.  Yahoo
does not provide the date and time that the actual images were uploaded.  They only provide the date the Yahoo! account
was created and the most recent log-in dates and times, if available.

 

4.  A Dallas County grand jury subpoena was
obtained from Yahoo for the email address HURLIBO3@YAHOO.COM.  Yahoo responded back with a creation date,
time and IP address.  Yahoo provided the
IP address used by this customer, IP 4.226.189.32 with the creation time and
date of Thursday, June 17, 2004 @ 15:16:47 Pacific Time.

 

5.  Detective Rangel used visual route to see
what company owned that IP address. 
Level 3 Communications is associated with this IP address.

 

6.  On August 2, 2004, Detective Rangel obtained
a Dallas County grand jury subpoena to request subscriber information from
Level 3 Communications, regarding the IP address 4.226.189.32 for June 17, 2004
@ 15:16:47 Pacific Time.

 

7.  Level 3 responded back with the user name uj0701545242@jweb-level3.juno.com.  Level 3 also provided the ANI (817)
927-8671.  








8.  Det. Rangel did a search of this phone
number.  This phone number comes back to
Kenneth W. Perry at 3512 Medina Avenue, Fort Worth, Texas 76133. 

 

9.  Det. Rangel obtained a Dallas County grand
jury subpoena for United Online for the user name uj0701545242@jweb-level3.juno.com.

 

10.  United Online responded back on August 24,
2004 with the customer name Kenneth W. Perry, 3512 Medina Avenue, Fort Worth,
Texas 76133, phone number (817) 927-8671. 
The primary account name for this subscriber is KKPERRY55.  This profile is billed on Visa Credit Card #[
] under the name of Kenneth W. Perry at 3512 Medina Avenue, Fort Worth, Texas
76133.  This subscriber has been an
account holder since January 15, 2000.

 

11.  Det. Rangel did a DL search of Kenneth W.
Perry and located TX DL # 08830972.  This
DL registers to Kenneth Wayne Perry and lists his address as 3512 Medina, Fort
Worth, Texas 76133.  It further describes
him as a white male, 6'0'=, 200
pounds, Brown Hair, Hazel Eyes, with a birthday of 9/14/1952.

 

12.  A search of the Tarrant Appraisal District
shows the registered owner of the property located at 3512 Medina Avenue, Fort
Worth, Texas to be Kenneth W. Etux Karen L. Perry since the deed date of
10/17/1997.

 

13.  Affiant also received an envelope from Det.
Rangel containing a compact disc.  This
disc contains the images uploaded by the suspect to the Yahoo! group from both
CyberTipline complaints.

 

14.  The images, from complaint # 251997, of child
pornography posted to the Yahoo! group are attached to this affidavit as
exhibit #1.

 

15.  The images, from complaint # 251999, of child
pornography posted to the Yahoo! group are attached to this affidavit as
exhibit #2.

 








16.  Through Affiant=s training and experience, Affiant knows that computer files can be
maintained for long periods of time in a number of ways: on a computer=s built-in hard disk drive, on portable storage disks, on CD-ROMs, or
on other computer media. Most often the user maintains the files
purposefully.  Even when the files have
been Adeleted@, however,
computer forensic examiners are nonetheless often able to recover the files
that had been purposefully possessed previously.

Perry asserts that the only
evidence in the affidavit that connects him to the Yahoo! group is the
telephone number that was used to access the internet at the time that the
Yahoo! group was created.  We disagree.

The affidavit set forth
sufficient facts to show that the affiant had probable cause to believe that
Perry posted the images on the Yahoo! website and that child pornography could
be found on Perry=s
computer.  The affidavit details how the
affiant traced the Yahoo! evidence to Perry=s computer and the steps the affiant took to verify that Perry was the
individual who posted the images. 
Accordingly, the facts contained in the affidavit establish probable
cause that a crime had been committed and that there was fair probability that
images constituting evidence would be found at Perry=s house.  See Tex. Code Crim. Proc. Ann. art.
18.01(c).  Thus, we hold that the
affidavit clearly sets forth facts to satisfy each element of article 18.01(c)
of the code of criminal procedure.

 








C.     Omission in Affidavit

Perry further argues that the
trial court erred by denying his motion to suppress because the affiant
purposefully omitted facts from the affidavit that were relevant to the
determination of probable cause. 
Specifically, Perry asserts that Detective Lawrence purposefully omitted
the name, Mr. Cory Ryker of Dallas, Texas, which was registered to the Yahoo!
group on June 7, 2004.

In Franks v. Delaware,
the Supreme Court recognized that if an affirmative misrepresentation is
knowingly included in a probable cause affidavit, and the misrepresentation is
material and necessary to establishing the probable cause, the warrant is
rendered invalid under the Fourth Amendment. 
438 U.S. 154, 155B56, 98 S.
Ct. 2674, 2676 (1978).  In Darby v.
State, we held that although the Texas Court of Criminal Appeals has never
directly decided the issue, omissions in search warrant affidavits should be
analyzed under Franks.  145 S.W.3d
714, 722 (Tex. App.CFort Worth
2004, pet. ref=d)
(citations omitted).  In order for an
affiant=s omission to be a basis to suppress a warrant, the appellant must
establish by a preponderance of the evidence that the omission was made
knowingly, intentionally, or with reckless disregard for the truth in an
attempt to mislead the magistrate.  Id.








Here, the record does not
reflect by a preponderance of the evidence that Detective Lawrence
intentionally or knowingly, with reckless disregard for the truth, made any
misstatements or omissions in the affidavit that would affect the finding of
probable cause in support of the issuance of the warrant.  See id.  Given the thoroughness of Detective Lawrence=s investigation and the evidence gathered during the course of the
investigation as discussed in the affidavit, Perry has not shown that Detective
Lawrence=s omissions were made intentionally or in reckless disregard of the
truth in an attempt to mislead the magistrate judge.  See Darby, 145 S.W.3d at 721B22 (holding omission that tipster used victim=s credit card or that she was in jail for domestic violence when
interviewed was not sufficient to defeat probable cause).

Additionally, even if the
omitted information had been included in the affidavit, a magistrate judge
could reasonably conclude that Perry, not Cory Ryker, posted the images on
Yahoo!.  As such, even if the information
had been included, the magistrate judge could have determined that probable
cause existed to issue the warrant to search Perry=s residence.  See Hackleman
v. State, 919 S.W.2d 440, 449 (Tex. App.CAustin 1996, pet. ref=d).  Thus, we hold that the
warrant was not rendered invalid because of the omission.  Having determined that the search warrant
stated probable cause to search Perry=s house and the warrant was not invalid because of the omission, we
overrule Perry=s fourth
point.

 








VI.  Conclusion

Having overruled Perry=s four points, we affirm the trial court=s judgment.

 

DIXON
W. HOLMAN

JUSTICE

PANEL:  CAYCE, C.J.; LIVINGSTON
and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
47.2(b)

DELIVERED:  August 21, 2008











[1]See Tex. R.
App. P. 47.4.