IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00313-CR

 

gary wayne willoughby,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 54th District
Court

McLennan County, Texas

Trial Court No. 2007-923-C2

 



memorandum opinion



 

Appellant Gary Wayne Willoughby was
convicted of burglary of a habitation and sentenced to life in prison after the
jury found true two enhancement paragraphs for prior habitation burglaries. 
Raising four issues, he appeals.  We will affirm.

Willoughby’s first two issues complain that the trial court erred in
failing to sua sponte charge the jury on the lesser-included offenses of
theft and criminal trespass.  Willoughby neither requested these charges nor
objected to their omission.  The trial court need not submit a lesser-included
instruction sua sponte if neither side requests one or objects to its
omission.  See Delgado v. State, 235 S.W.3d 244, 249-50 (Tex. Crim. App. 2007).  Moreover, the defense may not claim error successfully on appeal due
to the omission of a lesser-included offense if the defense did not request
one.  Id. at 250.  Accordingly, the trial court was not required to give
the lesser-included instructions to the jury sua sponte, and we overrule
 Willoughby’s first and second issues.  See Mashburn v. State,
272 S.W.3d 1, 15 (Tex. App.—Fort Worth 2008, pet. ref’d).

Willoughby’s third issue asserts that the evidence is legally and
factually insufficient to establish the intent to commit theft.  When reviewing a challenge to the legal
sufficiency of the evidence to establish the elements of a penal offense, we
must determine whether, after viewing all the evidence in the light most
favorable to the verdict, any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560
(1979).  Our duty is to determine if the finding of the trier of fact is
rational by viewing all of the evidence admitted at trial in the light most
favorable to the verdict.  Adelman v. State, 828 S.W.2d 418, 422 (Tex.
Crim. App. 1992).  In doing so, any inconsistencies in the evidence are
resolved in favor of the verdict.  Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

In a factual sufficiency review, we ask
whether a neutral review of all the evidence, though legally sufficient,
demonstrates either that the proof of guilt is so weak or that conflicting
evidence is so strong as to render the factfinder’s verdict clearly wrong and
manifestly unjust.  Watson v. State, 204 S.W.3d. 404, 414-15 (Tex. Crim. App. 2006); Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). 
“The court reviews the evidence weighed by the jury that tends to prove the
existence of the elemental fact in dispute and compares it with the evidence
that tends to disprove that fact.”  Johnson, 23 S.W.3d at 7.  The
appellate court “does not indulge in inferences or confine its view to evidence
favoring one side of the case.  Rather, it looks at all the evidence on both
sides and then makes a predominantly intuitive judgment. . . .”  Id. (quoting William Powers and Jack Ratliff, Another Look at “No Evidence” and
“Insufficient Evidence,” 69 Texas L. Rev. 515, 519 (1991)).  The nature
of a factual sufficiency review authorizes an appellate court, although to a
very limited degree, to act as the so-called “thirteenth juror” to review the
factfinder’s weighing of the evidence and disagree with the factfinder’s
determination.  Watson, 204 S.W.3d at 416-17.

The indictment charged Willoughby with
entering the habitation of the complainant, Adele Hanus, a 79-year-old woman,
without her effective consent and with the intent to commit theft.  A person
commits the offense of burglary by entering a habitation without the effective
consent of the owner, with the intent to commit a felony or theft.  Tex. Pen. Code Ann. § 30.02(a)(1)
(Vernon 2003).  The requisite specific intent to commit theft can be inferred
from a defendant’s conduct and remarks and from all surrounding circumstances. 
See Robertson v. State, 871 S.W.2d 701, 705 (Tex. Crim. App. 1993).  “In
a burglary prosecution, the intent to commit theft may be inferred from
circumstantial evidence.”  Moreno v. State, 702 S.W.2d 636, 641 (Tex.
Crim. App. 1986), disapproved on other grounds by Hall v. State, 225
S.W.3d 524 (Tex. Crim. App. 2007); see Roane v. State, 959 S.W.2d 387,
388 (Tex. App.—Houston [14th Dist.] 1998, pet. ref’d); Linder v. State,
828 S.W.2d 290, 294 (Tex. App.—Houston [1st Dist.] 1992, pet. ref’d). 
Furthermore, immediate flight from a scene can be considered evidence of
consciousness of guilt.  See Fentis v. State, 582 S.W.2d 779 (Tex. Crim.
App. 1976).

Hanus was on the phone in the hallway of
her home when Willoughby, whom she had not given consent to be there, walked
out of the back bedroom and past her and the bathroom, clutching a bag.  She
told him to return, and he exclaimed that he only wanted to use the bathroom. 
He fled on his bicycle, dropping a crowbar and some of Hanus’s property, yet he
escaped with jewelry, a pillow case, and other personal effects, including
Hanus’s deceased husband’s identification.  Willoughby had gone through the
back bedroom’s closet, chest of drawers, and jewelry boxes.  Police located Willoughby soon on his bicycle, but he refused to stop, then did stop only to ride off
when the officer stopped his patrol car and was getting out of it.  After
police detained Willoughby, Hanus identified him in a lineup.

Willoughby’s contention on appeal is
that the evidence is insufficient to establish that he formed the intent to
commit theft before he entered Hanus’s home, based on the evidence that he told
Hanus that he only wanted to use the bathroom.  But the evidence shows that he
entered her home carrying a bag and a crowbar, went through the back bedroom,
emptying out jewelry boxes and going through a closet and drawers, and fled
from Hanus and the police.

Viewing the evidence in the light most
favorable to the verdict, we find that a rational trier of fact could have
found beyond a reasonable doubt that Willoughby entered Hanus’s home with the
intent to commit theft.  Other than Willoughby’s statement that he entered her
home only to use the bathroom, there was no other controverting evidence, and
the jury was free to disbelieve Willoughby’s explanation to Hanus for being in
her home.  And considering all of the evidence in a neutral light, we find that
the evidence is factually sufficient.  The proof of guilt is not so weak nor
the conflicting evidence so strong as to render the jury’s verdict clearly
wrong and manifestly unjust.  Because the evidence is legally and factually
sufficient, we overrule Willoughby’s third issue.

               In his fourth
issue, Willoughby asserts that the trial court’s instruction in the punishment
charge that the jury should not let “sympathy” affect its deliberations and
verdict is constitutional error that caused egregious harm in this non-capital
case.  We have recently decided this issue against Willoughby’s position and
see no occasion to revisit our ruling.  See Wilson v. State, 267 S.W.3d 215, 219-20 (Tex. App.—Waco
2008, pet. ref’d) (citing Saffle v. Parks, 494 U.S. 484, 489, 110 S.Ct. 1257, 1260-61, 108
L.Ed.2d 415 (1990) (holding
that jurors need not “be allowed to base the sentencing decision upon the
sympathy they feel for the defendant after hearing his mitigating evidence.”)).  Willoughby’s fourth issue is
overruled.

We affirm the trial court’s judgment.

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Affirmed

Opinion
delivered and filed August 12, 2009

Do
not publish

[CRPM]






font-size: 12pt">Factual Sufficiency—Law
      When reviewing a factual sufficiency challenge, we must view all the evidence without the
prism of the “in the light most favorable to the prosecution” construct. See Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996). We ask “whether a neutral review of all the evidence,
both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to
undermine confidence in the jury’s determination, or the proof of guilt, although adequate if taken
alone, is greatly outweighed by contrary proof.” Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000); see also Goodman v. State, 66 S.W.3d 283, 285 (Tex. Crim. App. 2001).
      We must also remain cognizant of the fact finder’s role and unique position—one that the
reviewing court is unable to occupy. Johnson, 23 S.W.3d at 9. The jury determines the
credibility of the witnesses and may “believe all, some, or none of the testimony.” Chambers v.
State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). It is the jury that accepts or rejects
reasonably equal competing theories of a case. Goodman, 66 S.W.3d at 287. A decision is not
manifestly unjust as to the accused merely because the fact finder resolved conflicting views of
evidence in favor of the State. Cain v. State, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997).
—Evidence
      In addition to the testimony previously discussed, the defense elicited testimony to cast doubt
on K.L.’s veracity. K.L., her doctor, and her psychiatrist acknowledged that K.L. was not open
about who had sexually assaulted her. K.L. initially said that a boy down the road, not
remembering his name, had assaulted her. K.L.’s grandmother accused four people of the assault
before K.L. admitted that Preston had been the perpetrator. K.L.’s mother, Christine, testified
that she once caught K.L. and a boy named Coby fondling each other. An aunt testified that K.L.
bragged that she had sex with Coby and had given a boy in her new school a “blow-job.” Her
mother and her aunt testified that they could not always believe what K.L. said. Testimony was
also elicited that K.L. said she received the burn marks on her legs when the leaves she was raking
at her grandparents’ house caught fire and burned her legs and shorts. Further, witnesses testified
that the grandparents never liked Preston and had been trying to again obtain custody of K.L. and
her siblings.
      Eldon Ransom testified and denied ever having sex with K.L.
      Preston testified that he never spent a lot of time alone with any of his children. He denied
that he and his wife had frequent fights and that she would leave K.L. alone with him. He also
denied that he owned a gun. He contended that the only gun in the house belonged to a relative
and that it was black, not silver as K.L. had described. Preston denied that he ever threatened
K.L. or any of his children with a gun.
      Preston did not know of K.L’s alleged promiscuity other than the encounter with Coby. He
never saw any burn marks on K.L. He also testified that K.L. tended to exaggerate things. He
denied that he had a rope of the kind that a person could be tied with. Preston testified that he
thought he had a good relationship with K.L. 
      Preston admitted that he had prior convictions for credit card abuse and theft by check. He
stated that he was not informed when K.L. was born and that he was in jail when his wife gave
custody of the children to her parents. He also stated that he did not have a parent-child
relationship with K.L. or the other children until he and his wife regained custody. He admitted
to hiding the children in Houston when it was time for the grandparents to exercise visitation.
—Application
      In this case, additional evidence we must consider in conducting a factual sufficiency review,
as opposed to a legal sufficiency review, is of two types. First is the evidence which tends to
discredit or attack the credibility of K.L. The other is testimony of Preston in which he denies
commission of the offense. After careful consideration, viewing all the evidence in a neutral light,
the proof of guilt is not so weak as to undermine confidence in the jury’s determination nor is it
greatly outweighed by contrary proof. We find the evidence is factually sufficient to support the
jury’s verdict.
      Miller’s first issue is overruled.
Motion for New Trial
      In his second issue, Miller contends that the trial court erred in denying his motion for new
trial based on newly discovered evidence. Miller filed a motion for new trial alleging that the
verdict was contrary to the law and the evidence 29 days after his sentencing. He filed an
amended motion for new trial alleging newly discovered evidence 42 days after sentencing. His
issue for review is based solely on the amended motion. Miller’s amended motion was untimely
filed. See Tex. R. App. P. 21.4(b). Thus, his amended motion for new trial is a nullity and its
denial cannot form the basis for an issue on appeal. Webb v. State, 109 S.W.3d 580, 581 (Tex.
App.—Fort Worth 2003, no pet.); Rangel v. State, 972 S.W.2d 827, 838 (Tex. App.—Corpus
Christi 1998, pet. ref’d); Kiser v. State, 788 S.W.2d 909, 915-16 (Tex. App.—Dallas 1990, pet.
ref’d). See also Moritz v. Preiss, 2003 Tex. Lexis 77, *13 (June 12, 2003). Miller’s second issue
is overruled.
Conclusion
      Having overruled each of Miller’s issues on appeal, the judgment of the trial court is affirmed.

                                                                   TOM GRAY
                                                                   Chief Justice

Before Chief Justice Gray,
      Justice Vance, and
      Judge Strother (Sitting by Assignment)



Affirmed
Opinion delivered and filed December 31, 2003
Do not publish
[CRPM]